394 So.2d 572 (1981)
Charles ROMMELL, Appellant,
v.
FIRESTONE TIRE & RUBBER COMPANY, Appellee.
No. 79-508.
District Court of Appeal of Florida, Fifth District.
March 4, 1981.
*573 Jack B. Nichols and Harold L. Downing, Nichols & Associates, P.A., Orlando, for appellant.
David L. Holbrook, Wells, Gattis & Hallowes, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant had filed suit against Firestone to recover for damages he sustained when his truck overturned on the highway. Appellant had claimed that the accident was due to the "blow-out" of two Firestone tires on his truck. He appeals from a judgment after a jury verdict holding that the tires were not defective. We reverse and remand for a new trial.
The first point raised on appeal was:
WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AFTER DEFENSE COUNSEL WENT BEYOND THE PERMISSIBLE SCOPE OF INQUIRY CONCERNING APPELLANT'S PRIOR CRIMINAL CONVICTIONS BY NAMING A SPECIFIC CRIME WITHOUT OFFERING A CERTIFIED COPY OF SUCH CONVICTIONS INTO EVIDENCE.
The accepted procedure for interrogating a witness is to ask:
1) whether the witness has been convicted of a crime, and
2) how many times.
§ 90.08, Fla. Stat. (1971); McArthur v. Cook, 99 So.2d 565, 567 (Fla. 1957). If the witness admits the prior conviction, the inquiry by his adversary must end, but if the witness denies the prior conviction, then his adversary may produce a record of any conviction to impeach the credibility of the witness. Hendrick v. Strazzulla, 135 So.2d 1 (Fla. 1961); Mead v. State, 86 So.2d 773 (Fla. 1956); Robinson v. Citrus Council of Girl Scouts, Inc., 193 So.2d 42 (Fla. 4th DCA 1967).
In the present case, defense counsel asked the following questions:
Q. Charles, have you ever been convicted of a crime?
A. Yes, sir.
Q. How many times?
A. Twice.
Q. Have you ever answered that question when it was asked to you, "no?"[1]
During redirect, appellant testified that he had been convicted of a misdemeanor at age eighteen and that he had been convicted of another offense, also a misdemeanor, since the date of the deposition. On recross, defense counsel asked the following question:
Isn't it true, Mr. Rommell, that you were convicted of a crime of fraudulently endorsing a federal check just recently? (Emphasis added.)
Firestone argues the above question was proper as Rommell attempted to create the impression that both crimes were remote in time. However, the record shows that appellant did not misrepresent the dates of the offenses to the jury as Firestone has contended.
Even if Firestone's contention is accepted, the naming of a specific crime to correct the impression was improper. See Irvin v. State, 324 So.2d 684 (Fla. 4th DCA 1976) (to impeach a defendant by past convictions, a record of such convictions must be offered into evidence.) In its brief, Firestone admits that the question was withdrawn because trial counsel did not have a record of the conviction. Thus it is clear that the *574 conviction could not have been used for impeachment purposes. Furthermore, counsel was unable to remedy the situation on redirect; the court ruled that no rehabilitation was necessary because the question had been stricken. Considering that counsel knew he would not be able to pursue the matter, the asking of the question appears to have been a tactic to get the information before the jury for its prejudicial effect. Appellant was not only prejudiced by defense counsel but also by the trial court's refusal to allow rehabilitation.
We also find merit in the second point raised by appellant:
WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING DEFENDANT TO TESTIFY CONCERNING ITS GENERAL EXPERTISE IN MANUFACTURING TIRES AFTER THE TRIAL COURT RESTRICTED PLAINTIFF'S DISCOVERY TO THOSE PROCESSES IN USE AT DEFENDANT'S DES MOINES, IOWA MANUFACTURING PLANT.
Appellant concedes that Firestone's expert, Robert S. Lee, was an expert in tire design or in general manufacturing technology but was not qualified to testify concerning the procedure at the Des Moines plant where the tires in question were manufactured. During the discovery period prior to trial, Firestone had obtained a protective order which limited appellant's discovery questions to those concerning the manufacturing process at the Des Moines plant only. Therefore, appellant contends that Firestone's expert should have been qualified and allowed to testify only as to the manufacturing process and product of the Des Moines plant. Over appellant's objection, the court permitted Firestone's expert to describe the significant elements of Firestone's manufacturing process. The court, in ruling on the objection, advised appellant that he could qualify the questions on cross-examination as to the Des Moines plant.
Appellant contends that the testimony of Firestone's general manufacturing process unfairly prejudiced him because the protective order had prevented him from gathering tire manufacturing data in general. A review of the expert's testimony reveals that he did not refer to any specific manufacturing plant but rather spoke about the manufacturing process in general. The record also reflects that the expert was not qualified to discuss the specific manufacturing procedures at the Des Moines plant. Because of the protective order, appellant was unable to determine if and how that plant differed from other plants. He was also unable to gather general tire manufacturing data. Thus, appellant was severely handicapped in his ability to refute or impeach the expert's testimony. To allow an expert to testify about matters which were precluded from discovery is an abuse of discretion.
REVERSED and REMANDED for a new trial.
COBB and COWART, JJ., concur.
NOTES
[1] Appellant had apparently answered the question about conviction of a crime in the negative at his deposition.