432 So.2d 1346 (1983)
Dick REESER and Margaret Reeser, His Wife, Appellants,
v.
BOATS UNLIMITED, INC., a Florida Corporation; and Bruce Nescher d/b/a Sleek Craft Boats, Appellees.
Nos. 81-685, 81-856 and 81-1146.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Rehearing Denied June 17, 1983.
*1347 Fleming, O'Bryan & Fleming, and Ronald FitzGerald of FitzGerald, Taylor & Zwicky, Fort Lauderdale, for appellants.
Michael C. Spring of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Miami, for appellee Boats Unlimited, Inc.
Todd A. Cowart of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellee Sleek Craft Boats.
DELL, Judge.
Mr. and Mrs. Reeser, plaintiffs below, appeal from a judgment entered upon a jury verdict finding no negligence on the part of Sleek Craft Boats and Boats Unlimited, Inc., the manufacturer and retailer, respectively, of a boat in which Mrs. Reeser sustained personal injuries. We reverse.
Appellants filed a three count complaint, stating causes of action in strict liability, breach of warranty, and negligence. In essence, they complained that the lack of a safety switch which would prevent the boat, a jet drive vessel, from starting while in gear, caused Mrs. Reeser's injuries. By affirmative defense, appellees raised misuse and abuse of the product and appellants' comparative negligence.
Appellants and some friends went on an evening excursion in the boat. When they returned to the dock at 11:00 that night, Mr. Reeser left the boat to help his passengers carry their belongings to their car. Mrs. Reeser remained in the boat. On his return, Mr. Reeser saw that the boat, which he had not tied to the dock, had drifted away. He instructed his wife to turn the key on and off again immediately, in order to give the boat enough forward momentum to bring it back to the dock. According to appellants' testimony, when Mrs. Reeser turned on the key, the boat rose in the air, achieved a 90 degree turn, and took off down the canal at a high rate of speed. It crashed into docked boats. Mr. Reeser went to the marina's night watchman for help. He and the night watchman had a fight, during which the watchman shot Mr. Reeser three times. When Mrs. Reeser was discovered at 4:30 A.M., the boat's throttle was in the full forward thrust position.
Mr. Reeser's credibility was a major issue at trial. Appellants challenged the admission of certain evidence which tended to contradict or impeach him, and further challenged certain rulings on requested jury instructions, and the court's assessment of costs.
This cause of action accrued before July 1, 1979, and the trial ended before October 1, 1981. Therefore, the 1977 rules of evidence govern. See, §§ 90.103, Fla. Stat. (1979), and 90.103, Fla. Stat. (1981). On retrial, the Florida Evidence Code will apply. § 90.103, Fla. Stat. (1981).
Appellants had sued the night watchman and his employer in battery, based on the shooting of Mr. Reeser. In a discovery deposition taken in the battery case, Ms. Crossin, one of appellants' passengers, testified that while he was in the hospital, Mr. Reeser told her that
He told Margaret [Mrs. Reeser] to put it in reverse or something and instead she put it in forward and the boat went out of the water and knocked over boats and that he ran and, you know, got a security guard, whatever, and said, "I need help, my wife's been hurt," and he got shot.
*1348 Appellees introduced this deposition to contradict Mr. Reeser's statement that he had put the throttle control in neutral when he left the boat, and also to support the inference that Mrs. Reeser's negligence was the sole cause of her injuries. Appellants objected on the grounds that this discovery deposition could not be admitted as former testimony under Section 92.22, Florida Statutes (1977), which provides:
In the event it be made to appear to the satisfaction of the court that any evidence used at a trial of a civil case, whether oral or written, and incorporated in ... the record proper cannot be had then ... the evidence incorporated in the record of the trial, may be used as evidence upon any subsequent trial or hearing of the case, or in any other civil cause or civil proceeding, as to any matter in issue at a previous trial or hearing; and further, in the event that such evidence is not so preserved as before stated, then the same may be used at a subsequent trial or hearing, or in any other civil cause or civil proceeding involving substantially the same issue; if:
... .
(3) That the issue is substantially the same in both cases;

(4) That a substantial reason is shown why the original witness or document is not produced; (emphasis added).
We find error for several reasons. First, appellee did not establish the admission in evidence of this discovery deposition in the battery trial. Second, assuming the admission of this deposition in the battery trial, appellees did not show that the matter of the Reesers' handling of the boat was ever in issue in the battery trial. Third, appellee did not show that this deposition was included in the record of the battery trial. Fourth, assuming this deposition was admitted but not incorporated in the record of the battery trial, appellees did not show how the issue of battery, an intentional tort, upon Mr. Reeser is substantially the same as the issue of strict liability, breach of warranty, negligence or comparative negligence. Finally, appellees did not adequately demonstrate unavailability of Ms. Crossin.[1] The trial judge should not have admitted this evidence and we cannot consider the admission of this evidence harmless error. Even though on retrial, Section 90.804(2)(a) may permit the admission of this deposition "If the party against whom the testimony is offered ... had an opportunity and similar motive to develop the testimony... ." (Emphasis added.) As mere background in the battery trial, it is unlikely that appellants had any motive to develop this testimony.
Appellants also argue that during the cross-examination of Officer Healy the trial court permitted appellee to present, over their objection, inadmissible and prejudicial evidence.
Appellants called Officer Healy to testify about his investigation of the night in question. During his cross-examination, appellees elicited the fact that Hayes, a passenger in the boat, made a statement to another police officer, and that Officer Healy took that officer's report into consideration in making his own report. Appellees' counsel then asked, "Did your investigation indicate that the same Thomas Hayes was out on bond at the time for selling marijuana to an undercover policeman?" Appellants objected on the ground that to submit something about the background of Hayes was not proper trial tactics. Appellees' counsel *1349 responded that he had a copy of an order of the clerk of the court. Appellants' counsel asked that the jury be excused. Without responding to the request to excuse the jury, the judge asked appellees' counsel what he had in his hand. Within the sight and hearing of the jury, appellees' counsel gave the judge a document and announced, "It's a certified copy of the Criminal Court with the name Thomas Hayes, ... ."
Section 90.08, Florida Statutes (1977), provides that no person shall be disqualified to testify as a witness by reason of conviction of crime, and further provides:
Evidence of such conviction, including the fact that the prior conviction was for the crime of perjury, may be given to affect the credibility of the said witness, and such conviction may be proved by questioning the proposed witness, or if he deny it, by producing a record of his conviction. [Emphasis added.]
Section 90.610, Florida Statutes (1979), provides:
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted . .. . [Emphasis added.]
Both statutes refer to impeachment of a witness by proof that the witness himself has been convicted of some crime. Neither statute permits the elicitation of the nature of the crime, because any additional light on his credibility would not compensate for the possible prejudicial effect on the minds of the jurors. See, e.g., Davis v. State, 397 So.2d 1005 (Fla. 1st DCA 1981) [construing Section 90.610; Goodman v. State, 336 So.2d 1264 (Fla. 4th DCA 1976), cert. denied, 342 So.2d 1103 (Fla. 1977) [construing Section 90.08].
Permitting, even inviting, appellees' counsel to disclose the nature of the crime was error. Further, appellees did not attempt to impeach the witness himself, but rather his hearsay source, thrice removed. This impermissible tactic to get inadmissible evidence before the jury for its prejudicial effect requires reversal. Rommell v. Firestone Tire & Rubber Co., 394 So.2d 572 (Fla. 5th DCA 1981).
Appellees' counsel further implied, from a hearsay source which he never sought to introduce in evidence, that Mr. Reeser at some time in the past, had beaten Mrs. Reeser. He also introduced evidence that someone, whom the impeachment witness could not identify because he was not present, vandalized the office of a different marina. Neither of these items was relevant to any issue in the case sub judice, both were highly prejudicial and require reversal.
Appellants challenge two of the trial judge's rulings on requested jury instructions. Objection is essential to preserve the matter for appellate review. The charge conference was held off the record. At the conclusion of the conference, the trial judge gave the parties the opportunity to make objections for the record, but appellants did not avail themselves of this opportunity and thus have waived any error.
Since we reverse and remand this case for a new trial on the merits, we also reverse the cost judgment. When the trial court taxes costs at the conclusion of the new trial, it shall take into consideration the Supreme Court's Statewide Uniform Guidelines for Taxation of Costs in Civil Actions.[2]
REVERSED and REMANDED.
LETTS, C.J., and OWEN, WILLIAM C., Jr., Associate Judge, concur. *1350
NOTES
[1] Appellees told the court that Ms. Crossin had been served with a subpoena. However, that subpoena was for the original trial date, some eight months before the trial finally occurred. Appellees said they sent her a notice of the new trial date by ordinary mail, and since the post office did not return it, they assume she received the notice and wilfully refused to attend. However, immediately thereafter, appellees told the court that Ms. Crossin had remarried and they did not know her whereabouts. They stated that they did not know her new name, her mother's name, or her phone number. (She was not listed in the directory.) They did not show any effort, prior to trial, to learn Ms. Crossin's new name, or her mother's name. They did not show that they sent anyone to the address to which they had mailed the notice of trial to ascertain if Ms. Crossin still resided there. They did not show that they queried the post office, the telephone company or other passengers on the boat about her whereabouts.
[2] On October 28, 1981, the Florida Supreme Court issued an administrative order entitled In re: Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, which appears in 7 F.L.W. 517 (Fla. 1981). All emphasis is by the Supreme Court.

IN RE:
STATEWIDE UNIFORM GUIDELINES FOR TAXATION OF COSTS IN CIVIL ACTIONS.
ADMINISTRATIVE ORDER
The Florida Conference of Circuit Judges requests permission to publish and distribute to all judges in the State of Florida for their guidance the appended uniform guidelines for taxation of costs in civil actions.
Permission is hereby granted to publish and distribute the guidelines, but without prejudice to the rights of any litigant objecting to the application of the guidelines to a specific case on the basis that the assessment of costs pursuant to the guidelines is contrary to applicable substantive law. It is recognized that no approval of these guidelines shall relieve the trial judge of his responsibility under the law to assess the proper costs. This order is not to be construed as any intrusion on that responsibility of the trial judges.
These guidelines were adopted by the Florida Conference of Circuit Judges at its business session in Panama City on September 23, 1981; have been endorsed by the Board of Governors of The Florida Bar; and have been endorsed by both the Trial Lawyers Section of The Florida Bar and The Florida Bar's Special Commission to Reduce Court Costs and Delay. The Court is confident that the appended guidelines which were authored by experienced circuit judges and lawyers are reasonable and will enable the judges of this state to construe and apply uniformly the law.
 /s/ Alan C. Sundberg
 Chief Justice
COST ITEM

1. Depositions
A. Deposition of parties Cost of original deposition,
 or witnesses read into plus Court Reporter's
 evidence at trial in per diem, plus
 their entirety. cost of one copy, be
 taxed.
B. Deposition of parties Cost of original pages
 or witnesses, when actually used, plus
 only a portion of the Court Reporter's per
 deposition is read at diem, plus cost of one
 trial for impeachment copy of pages actually
 purposes or in evidence. used, be taxed if only
 a portion of the deposition
 is read into
 evidence. The cost of
 additional pages, including
 if appropriate,
 the entire deposition,
 may be taxed if the
 prevailing party can
 logically demonstrate
 to the Court that the
 additional pages for
 which taxation is
 sought were reasonably
 necessary under the
 facts and circumstances
 of the case, in the
 event of which the
 court should tax the
 cost of such additional
 pages or the deposition
 as a whole, together
 with one copy thereof.
 If only a portion of a
 deposition is used at
 trial solely for impeachment
 purposes, the
 same rule should apply
 unless the presiding
 judge determines that
 the portions used did
 not, in fact, really
 impeach the witness, in
 which case nothing
 should be awarded for
 the deposition. The
 burden should be upon
 the prevailing party to
 point out the pages
 actually used and, if
 used for impeachment,
 to show how and in what
 manner the portions
 read actually impeached
 the witness.
C. Deposition of parties The cost of the original
 or witnesses used to entire deposition,
 successfully support a plus Court Reporter's
 Motion for Summary per diem, plus cost of
 Judgment. one copy, should be
 taxed.
D. Depositions of parties The cost of the original
 or witnesses used to entire deposition,
 defeat a Motion for plus Court Reporter's
 Summary Judgment, per diem, plus cost of
 but not used for any one copy, should be
 purpose at trial. taxed.
E. Depositions of witnesses The cost of such depositions
 not used at should not be
 trial for any purpose taxed unless the prevailing
 and not used to support party can logically
 or defeat a demonstrate that
 Motion for Summary the taxing of such
 Judgment. deposition (under the
 facts and circumstances
 of the case) was reasonably
 necessary. If
 the Court concludes
 that the taking of the
 deposition was reasonably
 necessary, then
 the cost of the deposition,
 plus Court Reporter's
 per diem, plus
 the cost of one copy,
 should be taxed.
F. Cost of copies of depositions If used in whole or in
 of parties or part at trial, same
 witnesses, when the rule as set out in 1B
 deposition is used in above should be followed.
 whole or in part at If used to defeat
 trial, or is used in a Motion for Summary
 whole or in part in Judgment, cost of
 defeating a Motion For one entire copy should
 Summary Judgment. be taxed.
2. Expert Witnesses
A. Charges made by the Such charges should be
 expert for examinations considered by the Court
 or inspections in setting a reasonable
 or research prior to fee, especially in such
 trial for purpose of cases as Eminent Domain
 enabling witness to where the expert
 express expert opinions. must thoroughly inspect
 the property, check
 comparable sales, etc. The
 Court should consider
 the nature of the expert
 testimony; whether
 or not the expert witness
 was really needed,
 the entire facts and
 circumstances of the case;
 and then award such
 monetary sum for preparation
 as the facts of
 the case warrant.
B. Charges made by expert Such charges or costs
 witnesses for reports should not be taxed.
 submitted to or
 conferences with attorney
 prior to trial.
C. Charges of expert witnesses Such charges should not
 for travel time be taxed for experts
 for attendance at trial, with offices in same
 i.e. charges on an city as Courthouse.
 hourly basis or otherwise For witnesses from out
 for time consumed of city, such charges
 in traveling from office should generally not be
 to Courthouse. taxed, but trial judge
 should be free to exercise
 his or her best
 judgment depending upon
 all the facts of the
 particular case involved.
D. Charges of expert witnesses (Same as 2C above)
 for travel expenses
 from office to
 Courthouse.
E. Expert witness fee for A reasonable sum for
 testimony at trial. such fee should be
 taxed, taking all factors
 of the case into
 consideration, including
 the time spent by
 the expert in actual
 testimony; the expertise
 required and the
 novelty of the situation;
 the prevailing community
 rates for such
 services to the extent
 they can be ascertained;
 the degree of "expertness"
 of the witness; and
 the witness' qualifications,
 training and experience.
F. Charges made by expert If the expert is at the
 witnesses for time Courthouse for the
 spent at the Courthouse convenience of the attorney
 waiting to testify. calling him so as
 to afford the opportunity
 for conferences
 during recesses or during
 progress of the
 trial, such "waiting
 time" charges should
 not be taxable. If the
 expert is caused to
 wait due solely to the
 failure of the attorney
 to properly schedule
 his appearance, such
 "waiting time" should
 not be taxed since most
 attorneys and judges
 will allow an expert to
 be called out of turn
 in order to conserve
 the expert's time. If,
 however, the expert is
 forced to wait due to
 trial delays not occasioned
 by the witness
 or by the attorney
 calling him, the trial
 judge should consider
 such charges and, if
 justified, award a
 reasonable amount therefor.
G. Expert witness fee Such charges should not
 charged for the giving be taxed as a cost item.
 of a deposition when
 the deposition is not
 used in whole or in
 part at the trial.
H. Expert witness fee A reasonable sum for
 charged for the giving such fee should be
 of a deposition which taxed, taking all factors
 is used at trial. of the case into
 consideration, including
 the time spent by
 the expert in actual
 testimony; the expertise
 required and the
 novelty of the situation;
 the prevailing
 community rates for
 such services to the
 extent they can be
 ascertained; the degree
 of "expertness" of the
 witness; and the witness'
 qualifications,
 training and experience.
3. Travel expenses of prevailing Such expenses should
 attorney incurred not be taxed as costs.
 in connection with the
 taking of depositions out
 of the City or State.
4. Travel expenses of non-expert If the testimony of
 witness who resides such out of state witness
 outside of state for attendance is presented at
 at trial. trial, the statutory
 mileage allowed for
 subpoenaed witnesses
 from the Florida State
 line to the City where
 the trial is held, and
 return, should be taxed
 as costs.
5. Witness fees for non-expert That the same statutory
 witnesses who reside witness fee provided
 outside of state, but for subpoenaed witnesses
 who attend trial and testify be awarded for
 pursuant to arrangements such out of state and
 made with them by non-subpoenaed witnesses.
 the prevailing party.
6. Cost of long distance telephone That such costs not be
 calls to witnesses, taxed.
 both expert and non-expert,
 arranging for witness
 conferences, or for scheduling
 of a deposition, or
 for the witness to attend
 trial.
7. Cost of Xerox or other machine The cost of copies of
 reproduced copies. documents (contracts,
 promissory notes, etc.)
 actually filed in the
 Court file should be
 taxed. The cost of
 copies of documents
 (contracts, business
 records, hospital records,
 etc.) actually
 filed and received in
 evidence during course
 of trial should be
 taxed. Generally, the
 cost of copies obtained
 during course of discovery
 and not used at
 trial should not be
 taxed, but the presiding
 Judge should exercise
 his discretion on
 the taxability of the
 cost of such copies if
 the facts of the entire
 case warrant an award
 of the cost of such
 copies.
8. Cost of "daily copy" of Only the cost of such
 trial transcript. portion as may be used
 for impeachment should
 be taxed. Portions
 used for consultation
 with the client or other
 expert witnesses
 should not be taxed.