DELL, Judge.
Mr. and Mrs. Reeser, plaintiffs below, appeal from a judgment entered upon a jury verdict finding no negligence on the part of Sleek Craft Boats and Boats Unlimited, Inc., the manufacturer and retailer, respectively, of a boat in which Mrs. Reeser sustained personal injuries. We reverse.
Appellants filed a three count complaint, stating causes of action in strict liability, breach of warranty, and negligence. In essence, they complained that the lack of a safety switch which would prevent the boat, a jet drive vessel, from starting while in gear, caused Mrs. Reeser’s injuries. By affirmative defense, appellees raised misuse and abuse of the product and appellants’ comparative negligence.
Appellants and some friends went on an evening excursion in the boat. When they returned to the dock at 11:00 that night, Mr. Reeser left the boat to help his passengers carry their belongings to their car. Mrs. Reeser remained in the boat. On his return, Mr. Reeser saw that the boat, which he had not tied to the dock, had drifted away. He instructed his wife to turn the key on and off again immediately, in order to give the boat enough forward momentum to bring it back to the dock. According to appellants’ testimony, when Mrs. Reeser turned on the key, the boat rose in the air, achieved a 90 degree turn, and took off down the canal at a high rate of speed. It crashed into docked boats. Mr. Reeser went to the marina’s night watchman for help. He and the night watchman had a fight, during which the watchman shot Mr. Reeser three times. When Mrs. Reeser was discovered at 4:30 A.M., the boat’s throttle was in the full forward thrust position.
Mr. Reeser’s credibility was a major issue at trial. Appellants challenged the admission of certain evidence which tended to contradict or impeach him, and further challenged certain rulings on requested jury instructions, and the court’s assessment of costs.
This cause of action accrued before July 1, 1979, and the trial ended before October 1, 1981. Therefore, the 1977 rules of evidence govern. See, §§ 90.103, Fla.Stat. (1979), and 90.103, Fla.Stat. (1981). On retrial, the Florida Evidence Code will apply. § 90.103, Fla.Stat. (1981).
Appellants had sued the night watchman and his employer in battery, based on the shooting of Mr. Reeser. In a discovery deposition taken in the battery case, Ms. Crossin, one of appellants’ passengers, testified that while he was in the hospital, Mr. Reeser told her that
He told Margaret [Mrs. Reeser] to put it in reverse or something and instead she put it in forward and the boat went out of the water and knocked over boats and that he ran and, you know, got a security guard, whatever, and said, “I need help, my wife’s been hurt,” and he got shot.
*1348 Appellees introduced this deposition to contradict Mr. Reeser’s statement that he had put the throttle control in neutral when he left the boat, and also to support the inference that Mrs. Reeser’s negligence was the sole cause of her injuries. Appellants objected on the grounds that this discovery deposition could not be admitted as former testimony under Section 92.22, Florida Statutes (1977), which provides:
In the event it be made to appear to the satisfaction of the court that any evidence used at a trial of a civil case, whether oral or written, and incorporated in ... the record proper cannot be had then ... the evidence incorporated in the record of the trial, may be used as evidence upon any subsequent trial or hearing of the case, or in any other civil cause or civil proceeding, as to any matter in issue at a previous trial or hearing; and further, in the event that such evidence is not so preserved as before stated, then the same may be used at a subsequent trial or hearing, or in any other civil cause or civil proceeding involving substantially the same issue; if:

(3) That the issue is substantially the same in both cases;
(4) That a substantial reason is shown why the original witness or document is not produced; (emphasis added).
We find error for several reasons. First, appellee did not establish the admission in evidence of this discovery deposition in the battery trial. Second, assuming the admission of this deposition in the battery trial, appellees did not show that the matter of the Reesers’ handling of the boat was ever in issue in the battery trial. Third, appellee did not show that this deposition was in-eluded in the record of the battery trial. Fourth, assuming this deposition was admitted but not incorporated in the record of the battery trial, appellees did not show how the issue of battery, an intentional tort, upon Mr. Reeser is substantially the same as the issue of strict liability, breach of warranty, negligence or comparative negligence. Finally, appellees did not adequately demonstrate unavailability of Ms. Crossin.[1] The trial judge should not have admitted this evidence and we cannot consider the admission of this evidence harmless error. Even though on retrial, Section 90.804(2)(a) may permit the admission of this deposition “If the party against whom the testimony is offered ... had an opportunity and similar motive to develop the testimony ... . ” (Emphasis added.) As mere background in the battery trial, it is unlikely that appellants had any motive to develop this testimony.
Appellants also argue that during the cross-examination of Officer Healy the trial court permitted appellee to present, over their objection, inadmissible and prejudicial evidence.
Appellants called Officer Healy to testify about his investigation of the night in question. During his cross-examination, appel-lees elicited the fact that Hayes, a passenger in the boat, made a statement to another police officer, and that Officer Healy took that officer’s report into consideration in making his own report. Appellees’ counsel then asked, “Did your investigation indicate that the same Thomas Hayes was out on bond at the time for selling marijuana to an undercover policeman?” Appellants objected on the ground that to submit something about the background of Hayes was not proper trial tactics. Appellees’ counsel *1349 responded that he had a copy of an order of the clerk of the court. Appellants’ counsel asked that the jury be excused. Without responding to the request to excuse the jury, the judge asked appellees’ counsel what he had in his hand. Within the sight and hearing of the jury, appellees’ counsel gave the judge a document and announced, “It’s a certified copy of the Criminal Court with the name Thomas Hayes, ... . ”
Section 90.08, Florida Statutes (1977), provides that no person shall be disqualified to testify as a witness by reason of conviction of crime, and further provides:
Evidence of such conviction, including the fact that the prior conviction was for the crime of perjury, may be given to affect the credibility of the said witness, and such conviction may be proved by questioning the proposed witness, or if he deny it, by producing a record of his conviction. [Emphasis added.]
Section 90.610, Florida Statutes (1979), provides:
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted .... [Emphasis added.]
Both statutes refer to impeachment of a witness by proof that the witness himself has been convicted of some crime. Neither statute permits the elicitation of the nature of the crime, because any additional light on his credibility would not compensate for the possible prejudicial effect on the minds of the jurors. See, e.g., Davis v. State, 397 So.2d 1005 (Fla. 1st DCA 1981) [construing Section 90.610; Goodman v. State, 336 So.2d 1264 (Fla. 4th DCA 1976), cert. denied, 342 So.2d 1103 (Fla.1977) [construing Section 90.08].
Permitting, even inviting, appellees’ counsel to disclose the nature of the crime was error. Further, appellees did not attempt to impeach the witness himself, but rather his hearsay source, thrice removed. This impermissible tactic to get inadmissible evidence before the jury for its prejudicial effect requires reversal. Rommell v. Firestone Tire & Rubber Co., 394 So.2d 572 (Fla. 5th DCA 1981).
Appellees’ counsel further implied, from a hearsay source which he never sought to introduce in evidence, that Mr. Reeser at some time in the past, had beaten Mrs. Reeser. He also introduced evidence that someone, whom the impeachment witness could not identify because he was not present, vandalized the office of a different marina. Neither of these items was relevant to any issue in the case sub judice, both were highly prejudicial and require reversal.
Appellants challenge two of the trial judge’s rulings on requested jury instructions. Objection is essential to preserve the matter for appellate review. The charge conference was held off the record. At the conclusion of the conference, the trial judge gave the parties the opportunity to make objections for the record, but appellants did not avail themselves of this opportunity and thus have waived any error.
Since we reverse and remand this case for a new trial on the merits, we also reverse the cost judgment. When the trial court taxes costs at the conclusion of the new trial, it shall take into consideration the Supreme Court’s Statewide Uniform Guidelines for Taxation of Costs in Civil Actions.[2]
REVERSED and REMANDED.
LETTS, C.J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

. Appellees told the court that Ms. Crossin had been served with a subpoena. However, that subpoena was for the original trial date, some eight months before the trial finally occurred. Appellees said they sent her a notice of the new trial date by ordinary mail, and since the post office did not return it, they assume she received the notice and wilfully refused to attend. However, immediately thereafter, appellees told the court that Ms. Crossin had remarried and they did not know her whereabouts. They stated that they did not know her new name, her mother’s name, or her phone number, (She was not listed in the directory.) They did not show any effort, prior to trial, to learn Ms. Crossin’s new name, or her mother’s name. They did not show that they sent anyone to the address to which they had mailed the notice of trial to ascertain if Ms. Crossin still resided there. They did not show that they queried the post office, the telephone company or other passengers on the boat about her whereabouts.

. On October 28, 1981, the Florida Supreme Court issued an administrative order entitled In re: Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, which appears in 7 F.L.W. 517 (Fla.1981). All emphasis is by the Supreme Court.
IN RE: STATEWIDE UNIFORM GUIDELINES FOR TAXATION OF COSTS IN CIVIL ACTIONS. ADMINISTRATIVE ORDER
The Florida Conference of Circuit Judges requests permission to publish and distribute
*1350 to all judges in the State of Florida for their guidance the appended uniform guidelines for taxation of costs in civil actions.
Permission is hereby granted to publish and distribute the guidelines, but without prejudice to the rights of any litigant objecting to the application of the guidelines to a specific case on the basis that the assessment of costs pursuant to the guidelines is contrary to applicable substantive law. It is recognized that no approval of these guidelines shall relieve the trial judge of his responsibility under the law to assess the proper costs. This order is not to be construed as any intrusion on that responsibility of the trial judges.
These guidelines were adopted by the Florida Conference of Circuit Judges at its business session in Panama City on September 23, 1981; have been endorsed by the Board of Governors of The Florida Bar; and have been endorsed by both the Trial Lawyers Section of The Florida Bar and The Florida Bar’s Special Commission to Reduce Court Costs and Delay. The Court is confident that the appended guidelines which were authored by experienced circuit judges and lawyers are reasonable and will enable the judges of this state to construe and apply uniformly the law.
/s/ Alan C. Sundberg
Chief Justice

*1351