PER CURIAM.
The Civil Procedure Rules Committee (“Committee”) in September of 1999 submitted to this Court a proposal for a revision of the Uniform Guidelines for Taxation of Costs in Civil Actions (“proposed guidelines”), explaining that “[a]lthough the [C]ommittee normally works only on rules, we decided to tackle the guidelines ... [,] which had not been considered for several years.” [1] This Court published the proposed guidelines for comment in the November 1, 1999, edition of The Florida Bar News; received three comments in return (including one from attorney Bill Wagner); forwarded the three comments to the Committee for its evaluation; received the Committee’s evaluation, as well as a response in opposition from attorney Wagner; and ultimately held oral argument in this case on January 3, 2001. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Initially, we express our sincere thanks, appreciation, and gratitude to the Committee for its extraordinary initiative and investment of time and effort in its admirable attempt to improve the cost guidelines. We agree that the guidelines may be in need of current analysis and refinement. However, we are unable to approve the Committee’s proposed guidelines at this time due to several serious and overriding concerns.
First, we stress that the guidelines should reflect a policy of reducing the impact of costs upon parties, with the ultimate aim of decreasing the overall costliness of litigation. We are gravely concerned that, while undoubtedly well-intentioned, it has been asserted that the guidelines proposed by the Committee may tend to have the opposite effect of inordinately expanding the costs incurred by parties and increasing the overall costliness of litigation. Some expenses which were either not addressed or generally not taxed as costs under the existing guidelines are, to the contrary, now affirmatively identified as expenses that “should” or “may” be taxed as costs under the proposed guidelines.[2] *1248 While the Committee urges that this shift in the presumption as to costs would “level the playing field” between disparately funded parties, we are concerned that it would simply make the playing field much more expensive for all involved. We must maintain the focus on having costs as low as the bounds of justice will permit.[3]
Second, the proposed guidelines themselves generally provide that they “are not intended as a summary or codification of existing caselaw and are recognized in some cases to be in conflict with existing caselaw.” As such, attorney Wagner suggests that, as opposed to being procedural, the proposed guidelines “in fact ... create!] substantial substantive rights and obligations not previously authorized by either statute or rule.” Attorney Wagner urges, and we agree, that “[tjhose seeking to change the law should give citation to supporting case or statutory authority or present clear and convincing reasons for the law to be changed.” Accordingly, we adopt attorney Wagner’s suggestion to “[r]equire that any further proposed changes be developed by reference to the current statutory and ease law ... [and] that proposed deviations from current law be supported by adequate demonstration of an existing injustice that [requires] correction, or by a showing that proposed [guidelines would improve the ability of trial judges to administer their responsibilities in taxing costs.”
Finally, while we are, most assuredly, grateful for the work and recommendations of the Committee and the three attorneys who filed comments in this case (i.e., attorney Wagner, as well as attorneys James L.S. Bowdish and Henry P. Traw-ick, Jr.), the bottom line is that it has become all too obvious that we must have much more participation in connection with this potentially contentious and very important matter before we proceed with very substantial changes in the guidelines. The original guidelines were adopted in 1981 by the Florida Conference of Circuit Judges and endorsed by, among others, the Board of Governors of the Florida Bar and the Trial Lawyers Section of the Florida Bar. In a similar manner, the breadth of participants in the consideration and evaluation of the guidelines is equally, if not more, necessary now.
Due to its initiative and already substantial investment of time and effort in this matter, we consider the Committee to be the ideal entity to spearhead continued development in this context. Accordingly, we request that the Committee orchestrate the procurement of evaluative comments on this matter not only from the Florida Conference of Circuit Judges, the Board of Governors of the Florida Bar, and the Trial Lawyers Section of the Florida Bar, but also from as broad a spectrum as possible of additional entities and individuals who might have valuable insights and *1249 ideas on the matter.[4] Specific focus should be placed on perceived problems with the current guidelines, as well as on whether and how they should be modified. We further request that the Committee collect and consider the approaches of other state and federal jurisdictions as to the issue of taxation of costs and determine whether any of these approaches, or variations thereon, may be beneficial or informative as to the structure that should be implemented in Florida. We request that the Committee file with this Court by Tuesday, April 30, 2002, a comprehensive report of its findings and conclusions, accompanied by any revised proposed guidelines based on those findings and conclusions. Extensions of time will be liberally granted as necessary to accomplish this important work.
Again, we extend our appreciation to the Committee for all of its fine efforts in the past, and our gratitude for the work and dedication to be directed in the following months. We are not unmindful of the challenging extensiveness of our charge to the Committee, but are confident that it has the quality of composition that will manage the task. The Committee’s current proposed revised guidelines provide a valuable starting point, and its continued dedication and commitment to improvement in this area of the law will surely result in the adoption or retention of guidelines that will ultimately serve the best interests of all Floridians.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

. Specifically, the guidelines have not been amended since October 28, 1981, when this Court, by administrative order, granted permission to the Florida Conference of Circuit Judges to publish and distribute the original guidelines. See Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1349 n. 2 (Fla. 4th DCA 1983) (setting forth full text of guidelines).

. For example, while the existing guidelines provide that charges of expert witnesses for travel time "should generally not be taxed,” the proposed guidelines affirmatively provide that ''[r]easonable travel and lodging expenses of expert and nonexpert witnesses who testify at trial or whose deposition testimony requires travel by the witness” should be taxed as costs (unless an objecting party dem *1248 onstrates that the deposition was not reasonably calculated to lead to the discovery of admissible evidence), and that "[reasonable and necessary expenses for expert witnesses' travel time for attending trial and depositions” may be taxed as costs. Also, for example, while the existing guidelines are silent as to demonstrative aids used at trial or hearings, the proposed guidelines affirmatively provide that those expenses, "such as photographs, enlargements or enhanced exhibits, models, computer animations and reconstructions, and similar demonstrative aids,” may be taxed as costs to the extent they are "reasonable” and "assist the Court or the jury in reaching a decision.”

. We note that advances in communications technology have the potential of decreasing costs significantly and urge the increasing use of such technology whenever appropriate and practicable.

. The Committee may wish to contact, for example, the Family Law Section of The Florida Bar; the Academy of Florida Trial Lawyers; the Broward County Trial Lawyers Bar Association; the Dade County Trial Lawyers Association; the Florida Academy of Professional Mediators; the Florida Conference of County Court Judges; the Florida Conference of DCA Judges; the Florida Creditors Bar Association; the Florida Defense Lawyers Association; the Jacksonville Trial Lawyers Association; Matrimonial Lawyers of Dade County, Inc,; the Palm Beach County Trial Lawyers Association; the Pinellas County Trial Lawyers Bar Association; the Polk County Trial Lawyers Bar Association; and the Volu-sia Civil Trial Attorneys Association. This suggested list is not meant to be exhaustive, but rather indicative of the breadth and scope of evaluative analysis on this matter we desire to be provided to the Committee.