STEWART, JAMES R., Jr., Associate Judge.
This is an appeal from a $57,000.00 verdict rendered in favor of the Appellee-Plaintiff. The Appellants-Defendants contend the lower court erred in permitting the jury to consider a psychologist’s opinion relating to the Plaintiff’s injuries. Under the circumstances we disagree and affirm.
The psychologist, a Dr. Hill, testified the Plaintiff developed a post-traumatic syndrome with anxiety and somatic concern as a result of the accident in question. When cross-examination revealed that the witness, who was not a treating physician, partly relied upon history obtained from the Plaintiff in giving his diagnostic opinion [1], the Defendant moved to strike the opinion.
An examination of the record indicates the doctor ventured his diagnostic opinion at least five times during direct examination. Two such answers were in response to hypothetical questions [2] posed by Plaintiff’s counsel. Since the doctor had been instructed by the court that he was not to testify concerning what the patient said to him, there is every indication that the hypothetical questions properly provided him with the same data, for the purpose of expressing an opinion, as the Plaintiff had previously supplied during the original interview in the doctor’s office. The psychologist’s opinion was also the subject of extensive and detailed cross-examination and it is difficult to find reversible error in the court’s ruling. However, even if Dr. Hill’s testimony was improperly permitted to go to the jury, it was substantially the same as the expert testimony of the Plaintiff’s treating physician, Dr. Mackenzie, concerning the nature and extent of the Plaintiff’s injuries and, therefore, the jury’s verdict was not dependent upon Dr. Hill’s diagnosis.
If improper evidence is admitted, the error is harmless where, as here, there is ample, proper evidence to support the verdict.[3] The Defendants, in their brief, strenuously contend that Dr. Mackenzie’s testimony was not worthy of belief because of his animosity toward defense counsel demonstrated during cross-examination, material changes between the doctor’s testimony at trial and that given on pretrial depositions, his relationship with Plaintiff and with Plaintiff’s counsel, and his record of difficulties with local medical societies.
We agree that each such matter could affect the believability of Dr. Mackenzie’s testimony — but such is a consideration for the trier of fact (the jury in the instant action) and not for the appellate court. We have examined the record and find sufficient competent evidence to support *136 the judgment on appeal. No reversible error having been shown, the judgment is
Affirmed.
OWEN, J., and McCAIN, DAVID L., Associate Judge, concur.

. For a discussion of the different treatment to be afforded the opinions of “examining” physicians than those of “treating” physicians see Marshall v. Papineau, Fla.App.1961, 132 So.2d 786.

. For- a discussion of the merits of this device for enabling a jury to apply an expert’s scientific knowledge to the facts of a case see, McCormick, Law of Evidence, Section 16 (1954).

.Section 59.041, Florida Statutes, 1969, F.S.A.; Smith v. Biscayne Park Estates, Fla.1949, 42 So.2d 442; Williamson Candy Co. v. Lewis, Fla.App.1962, 144 So.2d 522; Greenfield v. Bland, Fla.App.1958, 99 So.2d 727.