PER CURIAM.
Plaintiff, Omelio Rodriguez, obtained a judgment against defendants, Wilfredo Huguet and The Travelers Insurance Company, for $1,500.00 in an action arising from an automobile accident.
Plaintiff brings this appeal claiming that the verdict was inadequate. He cites as error that the jury was influenced by passion, sympathy, bias and prejudice or a misunderstanding of the law as instructed by the court.
Plaintiff’s complaint alleged that the defendant was negligent and that plaintiff met the “no fault” threshold requirements to bring suit against the defendant tort feasor, the plaintiff having sustained permanent injuries and medical expenses in excess of $1,000. Defendant denied all allegations of the plaintiff’s complaint except that the accident happened. The trial court directed a verdict on liability. At trial, the medical expenses were less than $1,000 and the evidence was contradictory as to any permanent injury. The trial judge instructed the jury on the necessity that the plaintiff meet both threshold requirements alleged in the complaint. Plaintiff presented evidence that, at maximum, the automobile damage was $425, medical expenses were $873 and that there was some degree of permanency.
Plaintiff contends that the trial judge should not have so instructed the jury. In our opinion, the trial court, having before it the conflicting evidence as to permanent injuries, did not err in instructing the jury on the jurisdictional requirements of this suit against a tort feasor under the “no fault” insurance act.[1] Wooten v. Collins, Fla.App.1976, 327 So.2d 795. The fact that the court included in its instruction “medical expenses in excess of $1,000” was harmless error as the jury did by its verdict find the plaintiff to have been permanently injured. It does not ap *146 pear from the record that the alleged inadequate jury verdict was influenced by passion, sympathy, bias or misunderstanding. The jury verdict clearly exceeded the maximum possible special damages. The amount of damages awarded a plaintiff in a negligence action is peculiarly within the province of the jury, especially when it has been approved by the trial judge. Klefeker v. Ellington, Fla.App.1974, 304 So.2d 545.
Affirmed.

. The Florida Automobile Reparations Reform Act, §§ 627.730-627.741, Fla.Stat.