SCHEB, Judge.
This is an appeal from an order quashing service of process against the executor of the estate of George F. Peck, deceased. We refer to the appellant, Earl Ruckdeschel, as petitioner as he appeared in the trial court where he sought to revoke probate of the decedent’s will.
Although the petition for revocation named the appellee, John Van Sweden, as executor, the citation to appear was directed to and served upon Van Sweden as an individual. Van Sweden, who was also a beneficiary under the will, moved to abate the proceedings on grounds the petitioner failed to join an indispensable party, that is to say, himself in his representative capacity of executor. The trial court granted the motion and ordered the proceedings abated. Subsequently, a proper citation was issued and served upon Van Sweden, as executor. At that point Van Sweden, as executor, moved to quash the process contending no new petition for revocation had been filed. The trial judge apparently concluded his order to abate had the effect of dismissing the proceedings and that since no further petition had been filed, there were no proceedings before the court. On October 16, 1975, the trial judge ordered the process “. . . quashed and annulled with prejudice, and said Executor shall go hence without day.” This timely appeal by petitioner Ruckdeschel ensued. We think the court erred. We reverse.
A plea in abatement ordinarily suspends an action until the complained of defect is remedied. Trawick, Florida Practice and Procedure, § 10-3. Here, while the effect of the order to abate was to hold the matter in abeyance, there was no dismissal of the petition. Therefore, once the proper citation was issued and correctly served, it became incumbent upon Van Sweden, as executor, to respond. See DeVaney v. Rumsch, Fla.1969, 228 So.2d 904; American Baseball Cap., Inc. v. Duzinski, Fla.App.1st 1975, 308 So.2d 639, which hold that in the absence of a showing that the complaint is defective or that the defendant will be prejudiced, the plaintiff should be allowed to reserve process without refiling the complaint. No attack is made here on the sufficiency of the petition for revocation and there was no showing of prejudice to the estate.
Accordingly, the order of October 16, 1975, is reversed and the cause is remanded for further proceedings consistent with this opinion.
HOBSON, A. C. J., and GRIMES, J., concur.