PER CURIAM.
In this consolidated appeal, the wife, through counsel, contests an order abating the dissolution proceeding and an order denying her counsel’s motion for attorney’s fees and costs. We affirm in part, reverse in part and remand with instructions.
Mrs. Dussich disappeared in early 1982, about a year after her husband had filed for divorce. Thereafter, Mr. Dussich moved for and received an order abating his temporary alimony obligation and staying all proceedings for six months. In February of 1983, the trial court granted the husband’s motion to abate the dissolution proceeding because the wife had not reappeared. At the same time, the trial court denied the wife’s attorney’s motion for temporary attorney’s fees and costs. This appeal ensued.
Since dissolution actions are governed by equitable principles, we think it is more appropriate to construe the order of abatement as granting an indefinite stay rather than a dismissal. Cf. Ruckdeschel v. Van Sweden, 336 So.2d 1230 (Fla. 2d DCA 1976). With this characterization, we approve the order of abatement.
Entry of an indefinite stay, however, ineluctably leads us to conclude that the trial court abused its discretion by failing to award temporary attorney’s fees and costs to the wife’s counsel. The parties’ respective financial positions clearly demonstrate the wife’s need for, and the husband’s ability to provide, assistance in paying attorney’s fees and costs. Under the facts of this case, we hold that the trial court abused its discretion by indefinitely postponing compensation to the wife’s counsel.
Accordingly, we affirm in part, reverse in part and remand with instructions to award temporary attorney’s fees and costs to the wife.
GLICKSTEIN and HURLEY, JJ., and OWEN, WILLIAM C., Jr., Associate Judge, concur.