STONE, Judge.
The plaintiff in a personal injury action is appealing a verdict in his favor in the sum of $100,000. Plaintiff suffered a broken wrist with medical complications when he fell from a ladder that had collapsed. Plaintiff seeks a new trial based upon error in allowing improper impeachment questioning of plaintiff’s economic expert.
The defendant’s questions, relating to the witness’ involvement with drugs, were clearly improper. The error was compounded by plaintiff’s effort to improperly rehabilitate the witness by inquiring whether he had ever been convicted of a crime, knowing that the answer would be negative. This effort by plaintiff further misled the jury, because the witness had received a withheld adjudication on the criminal charge. Defendant attempted to rebut on re-cross examination by again bringing up the question of drug involvement.
Defendant’s claim that his question was directed at bias and motive, rather than the witness’ character, doesn’t wash. Nor do plaintiff’s attempts to justify his query. Each of these questions was in violation of the Florida Evidence Code.
The issue for our determination is, then, whether the defendant’s portion of the error was harmless. Defendant argues that the $100,000 verdict is a compelling factor in determining that the jury was not influenced by the error, particularly because liability was contested, there was a lack of witnesses, and plaintiff had a pre-existing wrist injury.
We have considered our recent opinion in Botte v. Pomeroy, 497 So.2d 1275 (Fla. 4th DCA 1986), but find it is not controlling. Here, there are no other trial errors raised on appeal.
We conclude, based on a review of the entire record, that the error was harmless. See Brevard County v. Apel, 246 So.2d 134 (Fla. 4th DCA 1971); Alberger v. Harvison, 342 So.2d 537 (Fla. 3d DCA 1977); Le Fevre v. Bear, 113 So.2d 390 (Fla. 2d DCA 1959).
With respect to the cross-appeal challenging the award and amount of costs, the cross-appellant has failed to show an abuse of discretion. See Thursby v. Renolds Metals Co., 466 So.2d 245 (Fla. 1st DCA 1984).
We therefore affirm.
DOWNEY, J., and RIVKIND, LEONARD, Associate Judge, concur.