POLEN, Judge.
In this consolidated appeal, appellants (hereafter collectively called P & S), seek review of the trial court’s final judgment placing a mechanic’s lien on their property and the subsequent award of attorney’s fees and costs. We affirm in part and reverse and remand in part.
P & S, a general partnership with Gullo and Hoffman as the general partners, entered into a contract with JHR Builders, Inc., as a general contractor, for the construction of an apartment project. P & S properly prepared, signed and recorded a notice of commencement of work. Thereafter, Ganz Plumbing, Inc. (Ganz) entered into a subcontract with New Foundations (owned by JHR’s general contractor at the P & S site) to supply labor and plumbing materials to the project. Ganz contended it was not fully compensated for work performed.
Ganz sent notice to owner forms to P & S, JHR and the other parties listed on P & S’ notice of commencement as those parties to be sent copies of the form. Ganz filed a claim of lien on the property and sought to foreclose on the lien. After a non-jury trial, the trial court found Ganz was entitled to enforce its mechanic’s lien in the sum of $35,704.23 plus $12,642.23 in interest. Final judgment was entered in that amount, along with the establishment of a lien against the subject property with foreclosure provisions. At a separate hearing, costs and attorney’s fees were awarded Ganz.
We find no merit in appellants’ claims that Ganz failed to properly perfect its mechanic’s lien, that the lien was fraudulent, that the award of the full amount of the lien was improper and that the final judgment entered by the trial court was improper. We therefore affirm as to those points.
Appellants also allege error as to the award of costs and fees. We agree. The imposition of costs rests within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. Puder v. Revitz, 424 So.2d 76 (Fla. 3d DCA 1982). In the instant case, appellants have demonstrated the cost award constitutes error. The costs seem to be based on an arbitrary estimate and include some clearly nontaxable costs such as attorney’s travel expenses. See Reeser v. Boats Unlimited, Inc., 432 So.2d 1346 (Fla. 4th DCA 1983); Digital Systems of Florida, Inc. v. Committee, 472 So.2d 533 (Fla. 1st DCA 1985); In Re: Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, 7 FLW 517 (Fla. Oct. 28, 1981). Upon remand, the trial court is directed to reconsider the motion to tax costs and enter an order specifically setting out the items and amounts allowed.
Further, we find no basis in the record for the trial court’s calculation of an award of attorney's fees in the amount of $30,000. The award should have been based on a comparison of the figures ar *460 rived at via the Rowe lodestar approach and that as set forth in the fee agreement and the party awarded the lower of the two amounts. Perez-Borroto v. Brea, 544 So.2d 1022 (Fla.1989); Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Upon remand the trial court is directed to address the Rowe considerations and adjust the amount of the award as necessary.
Accordingly, we reverse and remand to the trial court for further proceedings consistent with this opinion.
HERSEY, C.J., and GUNTHER, J„ concur.