STEVENSON, Judge.
This is an appeal from a final order of the trial court awarding damages and attorney’s fees to Roscioli Yacht Sales, Inc. (Roscioli), the owner of a vessel which was damaged while held by the Broward County Sheriffs Office (the Sheriff) for forfeiture proceedings. We affirm the award of damages except for loan interest, but reverse in total that portion of the order which awards attorney’s fees.
The U.S. Coast Guard seized the Libra II, a fifty-three foot yacht, en route to the Bahamas because the hull identification number (HIN) on the yacht transom was unreadable. Shortly thereafter, the Sheriff filed a complaint against the Libra II alleging that the unreadable HIN violated section 328.07(3)(b), Florida Statutes (1987)[1]. The Sheriff requested a forfeiture of the yacht. The trial *1107 court granted summary judgment in favor of Roseioli and denied forfeiture. The Sheriff filed a motion to stay the final judgment and retain possession of the vessel pending appeal. As a condition to granting the stay, the trial court entered an order which provided that if the Sheriff lost the appeal, Roseioli would be entitled to an evidentiary hearing to determine any damages or depreciation of the Libra II occasioned by the Sheriffs continued possession of the vessel pending review. The final judgment was affirmed by this court in In Re Forfeiture of One 1980 53 Foot Hatteras Vessel, Known as “Libra II”, 568 So.2d 443 (Fla. 4th DCA 1990). The trial court conducted an evidentiary hearing pursuant to its order granting stay and awarded Roseioli damages and attorney’s fees. This appeal followed.
At the hearing below, Roseioli established that while the appeal of the final judgment denying forfeiture was pending, the marina where the Libra II was being stored by the Sheriff experienced a serious fire causing fire and heat damage to the vessel. In addition, there was evidence that the condition of the Libra II had greatly deteriorated due to lack of maintenance. The trial court awarded $19,000 as diminution in value due to lack of maintenance, $54,000 as diminution in value for heat and fire damage, $31,500 as loss of use damage, $15,750 for loan interest, $35,000 as attorney’s fees, and additional amounts as prejudgment interest and costs. The trial court denied Roscioli’s claim for lost revenues and profits.
The trial court’s award of damages is supported by competent evidence in the record with but one exception—loan interest. Initially, we reject appellant’s argument that “loss of use” damage and “depreciation” are duplicative, and that the owners are entitled to either one or the other. “Depreciation”, as appellant is attempting to label it here, is in fact damage to the boat resulting from the fire and also damage which would not have occurred if the appellant had properly maintained the boat. It was not, therefore, the type of normal depreciation which would have occurred in any event. In the present case, we cannot say that the trial court erred as a matter of law in awarding these damages. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981) (compensatory damages are awarded to make the injured party whole or place him or her in the same position had the wrongful act not occurred).
However, Roseioli cites no authority for recovery of $15,750 interest on the loan incurred while the boat was being detained in addition to awarded damages for loss of use and ordinary depreciation.., If the Sheriff had never detained the boat and Roseioli would have kept it during the time the appeal was pending, Roseioli would still have had to pay the loan interest. Roscioli’s only argument as to why it should recover interest is that it says it would have sold the boat, not retained it while the appeal was pending, and would not have incurred the interest. Under that scenario, however, Roseioli would not be entitled to recover for loss of use or ordinary depreciation. Since Roseioli recovered for loss of use on the assumption it would have the use of the boat, it cannot also recover for interest on the assumption that it would not have owned the boat during that time.
Lastly, we reverse the award of attorney’s fees because there is no statutory or contractual basis for such an award. Attorney’s fees cannot be made a condition of a bond for a final appeal except where provided for by statute or contract. See Sheriff of Alachua County v. Hardie, 433 So.2d 15 (Fla. 1st DCA 1983); City of Coral Gables v. Geary, 398 So.2d 479 (Fla. 3d DCA 1981). See also Rule 9.900(h) in conjunction with Rule 9.310, Fla.R.App.P.
We have examined the remaining issues raised in the appeal and cross-appeal and find no error. Accordingly, the judgment below is affirmed in part and reversed in part.
GUNTHER and KLEIN, JJ., concur.

. 328.07 Hull identification number required.—
[[Image here]]
(3)(b) If any of the hull identification numbers required by subsection (1) do not exist or have been altered, removed, destroyed, covered, or defaced or the real identity of the vessel cannot be determined, the vessel may be seized as contraband property by a law enforcement agency or the division, and shall be subject to forfeiture pursuant to ss. 932.701-932.704....
[[Image here]]