648 So.2d 1226 (1995)
Vivian MADISON, Appellant/Cross-Appellee,
v.
MIDLAND NATIONAL LIFE INSURANCE COMPANY, F/K/a Reserve Life Insurance Company, Appellee/Cross-Appellant.
No. 93-1281.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
*1227 Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, and Thomas E. Kingcade of Thomas E. Kingcade, P.A., West Palm Beach, for appellant/cross-appellee.
Daniel M. Bachi and Bard D. Rockenbach of Sellars, Supran, Cole & Marion, P.A., West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
This is an appeal by the plaintiff/insured, Vivian Madison, from a partially adverse final judgment entered in a suit to collect on a health insurance policy  and a cross-appeal by the defendant/insurer, Midland National Life Insurance Company, from the trial court's order taxing as costs against the defendant certain deposition travel expenses. We affirm on both the main appeal and the cross-appeal.
First, we conclude that the trial court did not err, as urged, in determining in the final judgment that the non-renewal provision of the health insurance policy was clear and unambiguous. The policy allowed the defendant insurer to non-renew the subject policy on the anniversary date of the policy if the insurer was not renewing all policies of the same form in the state; such a non-renewal occurred in this case. Moreover, where, as here, such coverage is terminated at a time when an insured person is totally disabled, the coverage is extended to the earliest of five contingencies; the applicable contingency in this case was "the date which is 90 days after the date on which the insurance should have ended." We reject the plaintiff insured's argument that this was an ambiguous provision, as plainly the provision provides for a 90-day extension of coverage beyond the non-renewal date of the policy. This being so, there was also no error in denying the plaintiff's motion for a new trial based on the jury's refusal to award damages for medical costs incurred by the plaintiff beyond the 90-day grace period in the policy. See Prescott v. Mutual Benefit Health & *1228 Accident Ass'n, 133 Fla. 510, 183 So. 311 (1938); State Farm Fire & Casualty Co. v. Oliveras, 441 So.2d 175, 178 (Fla. 4th DCA 1983), rev. denied, 451 So.2d 849 (Fla. 1984); All-Dixie Ins. Agency, Inc. v. Moffatt, 212 So.2d 347, 350 (Fla. 3d DCA 1968).
Second, we conclude that the trial court did not err, as urged, in entering a summary judgment for the defendant insurer on the plaintiff insured's negligent misrepresentation claim. On this record, it is clear that the defendant insurer made no misrepresentation of a material fact to the plaintiff insured in selling its health insurance policy to the plaintiff. Hoon v. Pate Constr. Co., 607 So.2d 423 (Fla. 4th DCA 1992), rev. denied, 618 So.2d 210 (Fla. 1993); Atlantic Nat'l Bank of Fla. v. Vest, 480 So.2d 1328, 1331 (Fla. 2d DCA 1985), rev. denied, 491 So.2d 281 (Fla. 1986), rev. denied, 508 So.2d 16 (Fla. 1987).
Third, assuming without deciding, that section 627.613(2), Florida Statutes (Supp. 1990), was applicable to this health insurance policy, and that the defendant insurer violated the statute by failing to notify the plaintiff insured in writing within the prescribed statutory period as to why it was not paying certain submitted medical bills, we conclude that the plaintiff insured was fully compensated by the jury award of $115,000 for all necessary and reasonable medical expenses covered by the policy. Accordingly, the error, if any, in directing a verdict in count six of the complaint was entirely harmless. See Sudderth v. Ebasco Servs., Inc., 510 So.2d 320, 321 (Fla. 4th DCA 1987); Rodriguez v. Huguet, 332 So.2d 144, 145 (Fla. 3d DCA 1976); Brevard County v. Apel, 246 So.2d 134, 135-36 (Fla. 4th DCA 1971).
Finally, we conclude that the trial court did not commit error in its award of taxable costs to the plaintiff insured for travel expenses incurred by plaintiff insured's counsel in taking certain out-of-state depositions in this case. Although the Statewide Uniform Guidelines for Taxation of Costs[1] does not generally allow for these costs, there is no absolute bar, as urged, to such an award. This is so because all provisions for taxable costs contained in the uniform order are meant only as guidelines. Clearly, the trial court may deviate from such guidelines depending on the facts of the case as justice may require. No showing of an abuse of discretion has been made by the defendant insurer in the trial court's award in this case.
AFFIRMED.
GLICKSTEIN and FARMER, JJ., and HUBBART, PHILLIP A., Associate Judge, concur.
NOTES
[1] Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1351 n. 2 (Fla. 4th DCA 1983).