766 So.2d 1116 (2000)
Helene K. MILLER, Appellant,
v.
Phyllis HAYMAN, Dayle Hayman Fierro and Eugene J. Fierro, Appellees.
Nos. 4D99-0690, 4D99-1832.
District Court of Appeal of Florida, Fourth District.
August 16, 2000.
*1117 William Berger, Edmund O. Loos, III, and Sally Seltzer of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Fort Lauderdale, for appellant.
Jeffrey Gilbert of Greenberg, Traurig, P.A., Fort Lauderdale, and Elliot H. Scherker and Elliot B. Kula of Greenberg, Traurig, P.A., Miami, for Appellee-Eugene J. Fierro.
Peter J. Forman of Tescher, Chaves, Rubin & Muller, P.A., Boca Raton, for Appellee-Dayle Hayman Fierro.
Peter R. Kolker of Zuckerman, Spaeder, Goldstein, Taylor & Kolker, L.L.P.,Washington, D.C., for Appellee-Phyllis Hayman.
KLEIN, J.
We withdraw our previous opinion which was filed on June 28, 2000 and substitute the following, which differs from the original opinion only in that there has been a change in the last sentence of the first paragraph.
Appellant did not prevail in her action to set aside her mother's will on the ground of lack of testamentary capacity and undue influence. Because she rejected an offer of judgment in the amount of $100,000, the trial court assessed attorney's fees against her, and she appeals. We reverse because the offer of judgment statute is not applicable to will revocation proceedings. We also reverse that portion of the cost judgment awarding travel expenses.
The offer of judgment statute, section 768.79, Florida Statutes (1997), is limited to actions "for damages," and accordingly, notwithstanding appellees' argument that this case was "at all times, about money," the offer of judgment under this statute was not valid in this action seeking to revoke a will.
Appellees argue that plaintiff's complaint contained a count separate and apart from the counts seeking to revoke the will which sought damages for tortious interference with an inheritance. At the time the offer of judgment was made, however, the count for tortious interference had been abated by the trial court, pending *1118 the outcome of the will contest. When the trial court entered the final order determining that the will was valid, the court also disposed of the count for tortious interference. The disposition of the count for tortious interference was not appealed, presumably because the finding of testamentary capacity and no undue influence were conclusive as to "any collateral action or proceeding relating to devised property." § 733.103(2), Fla. Stat. (1997); DeWitt v. Duce, 408 So.2d 216 (Fla.1981).
When we asked appellant's counsel at oral argument why the complaint for tortious interference was necessary in the first place, he had no satisfactory explanation. We asked the question because it is apparent that, if appellant had prevailed on lack of testamentary capacity or undue influence, the tortious interference claim would be moot. If she did not succeed in revoking the will, the interference claim would be barred by section 733.103(2), Florida Statutes, which, as our supreme court observed in DeWitt, is "predicated on principles of res judicata and collateral estoppel." DeWitt, 408 So.2d at 221.
As we noted earlier, the count for tortious interference was abated before the offer of judgment was made. The effect of abatement in Florida has been characterized as a suspension of an action, In re Estate of Peck, 336 So.2d 1230 (Fla. 2d DCA 1976), as well as a dismissal without prejudice, Moresca v. Allstate Ins. Co., 231 So.2d 283 (Fla. 4th DCA 1970).[1] Regardless of whether the abatement of the count for damages amounted to a dismissal or a suspension, we conclude that the offer of judgment was not operative as to that count under those circumstances. It was therefore invalid.
Appellant also challenges the inclusion of travel expenses in the costs which were assessed against her as a result of her not prevailing in the will contest. The trial court assessed the travel expenses for appellee Phyllis Hayman, who resides in Virginia, for her attendance at trial, and travel expenses for counsel attending out of state depositions.
The Statewide Uniform Guidelines For Taxation Of Costs In Civil Actions were adopted by the Florida Supreme Court on October 28, 1981 by administrative order. They were apparently not formally published, but this court set them out in full in Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, n. 2 (Fla. 4th DCA 1983). They are also included in the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, printed in Florida Rules of Court at 1591 (West 2000). The guidelines, which are to be used in assessing prevailing party costs under section 57.041, Florida Statutes (1997), authorize travel expenses for expert witnesses under some circumstances but specifically state that travel expenses of counsel incurred in taking out of town depositions "should not" be taxed as costs. The guidelines do not authorize travel expenses for a party to attend trial.
In P & S Properties v. Ganz Plumbing, Inc., 558 So.2d 458, 459 (Fla. 4th DCA 1990), this court reversed a cost assessment for travel expenses of counsel, stating: "The costs seem to be based on an arbitrary estimate and include some clearly nontaxable costs such as attorney's travel expenses." We did the same thing in Mitchell v. Osceola Farms, 574 So.2d 1162, 1163 (Fla. 4th DCA 1991): "As listed, the photocopy, postage, long distance calls, travel expenses and courier service appear to be office expenses and should not have been taxed as costs."
*1119 Several years later, in Madison v. Midland National Life Insurance Co., 648 So.2d 1226, 1228 (Fla. 4th DCA 1995), we affirmed the award of travel expenses, explaining:
Finally, we conclude that the trial court did not commit error in its award of taxable costs to the plaintiff insured for travel expenses incurred by plaintiff insured's counsel in taking certain out-of-state depositions in this case. Although the Statewide Uniform Guidelines for Taxation of Costs does not generally allow for these costs, there is no absolute bar, as urged, to such an award. This is so because all provisions for taxable costs contained in the uniform order are meant only as guidelines. Clearly, the trial court may deviate from such guidelines depending on the facts of the case as justice may require. No showing of an abuse of discretion has been made by the defendant insurer in the trial court's award in this case. [footnote omitted]
Relying on Madison, we also affirmed an award of travel costs in connection with a deposition in Beyel Brothers, Inc. v. Lemenze, 720 So.2d 556 (Fla. 4th DCA 1998). We did not, in Madison or Beyel Brothers, explain why those cases were the exception to the general rule of nontaxability of travel expenses of counsel in attending out of town depositions.
When our supreme court adopted the guidelines it did so to "enable the judges of this state to construe and apply uniformly the law." Reeser, 432 So.2d at 1351. In regard to deviating, the court stated that the guidelines were "without prejudice to the rights of any litigant objecting to the application of the guidelines to a specific case on the basis that the assessment of costs pursuant to the guidelines is contrary to applicable substantive law."
So far as our research indicates, none of the other district courts of appeal have authorized travel expenses since the uniform guidelines went into effect. The second district acknowledged our decision in Madison, but noted that it does not allow travel expenses of counsel to be taxed as costs under the guidelines. Barnes v. City of Dunedin, 666 So.2d 574 (Fla. 2d DCA 1996).
In the present case the trial court gave no explanation as to why it departed from the guidelines and assessed travel expenses. Nor have the appellees provided us with any reason to affirm other than the fact that we have affirmed travel expenses for attendance at a deposition in the past. In the absence of exceptional circumstances, travel expenses for counsel to attend depositions should not be taxed as prevailing party costs.[2] As for the travel expenses of a party to attend trial, that would require an even rarer situation. We therefore reverse all travel expenses assessed as prevailing party costs as well as the attorney's fees assessed against appellant pursuant to the offer of judgment.
TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] Traditionally, abatement in an action at law means that the action is "utterly dead and cannot be revived except by commencing a new action." BLACK'S LAW DICTIONARY 16 (4th Ed. Rev. 1968)(citing First Nat. Bank of Woodbine v. Board of Sup'rs of Harrison County, 221 Iowa 348, 264 N.W. 281, 106 A.L.R. 566 (1935)). On the other hand, abatement in an action in equity is merely a suspension of the action which can be revived. Id. (citing F.A. Mfg. Co. v. Hayden & Clemons, 273 F. 374 (Mass.1921)). See also 1 Am. Jur.2d, Abatement, Survival, and Revival, § 1.
[2] Our holding is limited to costs awarded under section 57.041, Florida Statutes (1997).