827 So.2d 1115 (2002)
Orlando ROSADO, Rafael Rosado and Caribair, S.A., Appellants,
v.
Edward W. BIELUCH, in his official capacity as Sheriff of Palm Beach County, Florida, Appellee.
No. 4D02-521.
District Court of Appeal of Florida, Fourth District.
October 16, 2002.
William J. Brown, Richard Hyland and Shannon del Prado of William J. Brown, P.A., Miami, for appellant.
*1116 Fred H. Gelston of Fred H. Gelston, P.A., West Palm Beach, for appellee.

ON MOTION FOR CLARIFICATION
DELL, JOHN W., Senior Judge.
We grant appellant's motion for clarification. We withdraw the opinion issued August 21, 2002 and issue the following opinion in its place.
Orlando Rosado, Rafael Rosado, and Caribair, S.A., (collectively "appellants"), appeal from an order denying their claim for attorney fees against Edward Bieluch, in his official capacity as Sheriff of Palm Beach County ("Sheriff").
On January 12, 2001, the Sheriff seized $633,995 in U.S. currency from appellant Orlando Rosado. The Sheriff then filed a Complaint of Forfeiture against Rosado pursuant to the Florida Contraband Forfeiture Act. See §§ 932.701-.707, Fla. Stat. (2001). In his Answer, Rosado denied that the currency was contraband and prayed for return of the money and damages as provided by law. Appellants Rafael Rosado and Caribair also filed answers asserting that they had an interest in the seized money.[1] Appellants next filed a Proposal for Settlement pursuant to section 768.79, Florida Statutes (2001), the offer of judgment statute, for an amount of $25,000 to be retained by the Sheriff. The Sheriff through silence rejected the offer and proceeded to trial. The jury rendered a verdict in appellants' favor.
Appellants filed a Motion for Judgment for Damages against the Sheriff pursuant to section 932.704(9) of the forfeiture act.[2] The trial court granted the motion, awarding Orlando Rosado $2,116.50, Caribair $19,239.00, and Orlando Rosado and Rafael Rosado jointly $6,649.50. Appellants next filed an omnibus motion requesting attorneys' fees from the Sheriff pursuant to section 932.704(10) of the forfeiture act. The trial court denied the motion finding no bad faith, gross abuse of discretion, or lack of any factual basis. Appellants then filed a motion for an award of attorney's fees against the Sheriff in his official capacity pursuant to the offer of judgment statute. The trial court denied the motion, ruling that the offer of judgment statute applies only to civil actions for damages and the forfeiture action did not fall within that scope.
Appellants contend that the trial court erred when it denied their motion for attorney's fees because the offer of judgment statute applies under the forfeiture act; their claim under the forfeiture act is an element of a replevin action to which the offer of judgment statute applies; and the policy encouraging parties to investigate and settle would be advanced by applying the offer of judgment statute to forfeiture actions. We affirm.
The offer of judgment statute provides,
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's *1117 behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
§ 768.79(1), Fla. Stat. (2001). The question of law to be reviewed de novo is whether a forfeiture action is a "civil action for damages" falling within the section's scope. Compare Beyel Bros. Crane & Rigging Co. of S. Fla., Inc. v. Ace Transp., Inc., 664 So.2d 62, 64 (Fla. 4th DCA 1995)("The right to damages [pursuant to the offer of judgment statute] may arise under tort law; it may arise under contract law; it may arise under property law.").
Forfeiture actions are civil proceedings. See Wille v. Karrh, 423 So.2d 963 (Fla. 4th DCA 1982); § 932.704(2), Fla. Stat. (2001) ("In each judicial circuit, all civil forfeiture cases shall be heard before a circuit court judge of the civil division ... [and][t]he Florida Rules of Civil Procedure shall govern...."). However, forfeiture actions are also in rem proceedings. United States v. Ursery, 518 U.S. 267, 274-75, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996)(forfeiture proceedings are in rem because it is the property which is proceeded against and, "`by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient'"); In re Forfeiture of Fifty Five Thousand Forty-Five Dollars in U.S. Currency, 809 So.2d 105, 106 (Fla. 2d DCA 2002) ("The forfeiture proceeding is a civil, in rem action filed against the property itself."). As an in rem proceeding, a forfeiture action is not a "civil action for damages." See Black's Law Dictionary 793 (6th ed.1990) (explaining that the purpose of an in rem proceeding "is to determine title to or to affect interests in specific property").
We reject appellants' argument that section 932.704(9) of the forfeiture act, requiring the seizing agency to pay to the claimant the reasonable loss of value and income of the seized property when the claimant prevails at trial, converts a forfeiture proceeding into a civil action for damages. This provision is collateral, mandatory, and need not be asserted in a pleading. It is not an action for damages or even analogous to such an action.
In Miller v. Hayman, 766 So.2d 1116, 1117 (Fla. 4th DCA 2000), this court made it clear that the offer of judgment statute is limited to actions for damages and refused to extend its application to a will revocation proceeding. "The offer of judgment statute, section 768.79, Florida Statutes (1997), is limited to actions `for damages,' and accordingly, notwithstanding appellees' argument that this case was `at all times, about money,' the offer of judgment under this statue was not valid in this action seeking to revoke a will." Id. We conclude that appellants' claims for loss of use and loss of income arise out of the forfeiture act itself and do not furnish a basis for attorney's fees other than as provided for in the act.
Section 932.704(10) of the forfeiture act provides,
When the claimant prevails, at the close of forfeiture proceedings and any appeal, the court shall award reasonable trial attorney's fees and costs to the claimant if the court finds that the seizing agency has not proceeded at any stage of the proceedings in good faith or that the seizing agency's action which precipitated the forfeiture proceedings was a gross abuse of the agency's discretion. The court may order the seizing agency to pay the awarded attorney's fees and costs from the appropriate contraband forfeiture trust fund. Nothing in this subsection precludes any party *1118 from electing to seek attorney's fees and costs under chapter 57 or other applicable law.

§ 932.704(10), Fla. Stat. (2001)(emphasis added). Here, appellants tried to recover fees by showing bad faith or a gross abuse of discretion by the Sheriff but were unsuccessful.
Appellants also argue that the final sentence of section 932.704(10) should be interpreted to include claims for attorney's fees pursuant to the offer of judgment statute. We interpret this part of section 932.704(10) to apply to collateral actions brought as a result of the forfeiture proceedings, i.e. actions in conversion or claims of damages to the res. See, e.g., In re Forfeiture of One 1980 53 Foot Hatteras Vessel, 642 So.2d 1106 (Fla. 4th DCA 1994)(holding that trial court properly awarded claimants compensation for damage to vessel held by marina pending sheriff's appeal of lost forfeiture action).
We also reject appellants' argument that their claim under the forfeiture act is an element of a replevin action to which the offer of judgment statute applies. Appellants rely on RLS Business Ventures, Inc. v. Second Chance Wholesale, Inc., 784 So.2d 1194 (Fla. 2d DCA 2001), which does not support their argument. Nor do we find merit in appellants' argument that the offer of judgment statute should be applied to forfeiture proceedings as a matter of policy.
Accordingly, we affirm the trial court's order denying appellants' claim for attorney's fees pursuant to the offer of judgment statute.
AFFIRMED.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] Orlando Rosado is a shareholder of Caribair, an airline organized under the laws of the Dominican Republic. Rafael Rosado is president of Caribair.
[2] "The trial court shall require the seizing agency to pay to the claimant the reasonable loss of value of the seized property when the claimant prevails at trial or on appeal and the seizing agency retained the seized property during the trial or appellate process. The trial court shall also require the seizing agency to pay to the claimant any loss of income directly attributed to the continued seizure of income-producing property during the trial or appellate process." § 932.704(9)(b), Fla. Stat. (2001).