909 So.2d 416 (2005)
Fred A.M. COBB, Sheriff, Lake County, Florida, Appellant,
v.
Dennis LANGWORTHY, Appellee.
No. 5D04-1510.
District Court of Appeal of Florida, Fifth District.
August 19, 2005.
*417 Mark P. Brewer, Legal Advisor, Lake County Sheriff's Office, Tavares, for Appellant.
Michael H. Hatfield, of Michael H. Hatfield, P.A., Umatilla, for Appellee.
SHARP, W., J.
The Sheriff of Lake County, Fred Cobb, appeals from a final order that awarded costs and attorney fees to Langworthy's counsel, together with damages pursuant to section 932.704, Florida Statutes (2001), in a forfeiture case. The Sheriff attacks only the award of attorney fees and costs. We affirm.
A judgment was rendered on June 10, 2003, denying forfeiture of Langworthy's truck. The judgment contained no reservation of jurisdiction to award attorney fees. Five months later, Langworthy filed a motion for damages and fees, pursuant to section 932.704. After a hearing held on March 29, 2004, the order being appealed was rendered.
The Sheriff contends res judicata bars Langworthy's recovery because he did not request attorney fees and costs in the forfeiture proceedings. He also argues that Florida Rule of Civil Procedure 1.525 mandates that a motion for attorney fees and costs must be filed within 30 days after the judgment is rendered, or it is barred, absent a showing of good cause for an extension.[1] Because that did not happen below, the Sheriff contends that the part of the *418 judgment which awards attorney fees must be reversed.
This cause arose out of a forfeiture case brought by the Sheriff against Langworthy's truck. Langworthy engaged in a "road rage" incident with another driver, while driving his Ford Lightning truck, an expensive and valuable vehicle. Langworthy pulled past the other driver, stopped and got out of his truck. The other driver was stopped at an intersection, waiting to make a turn across traffic. He shrugged and asked Langworthy what his problem was, or words to that effect. Langworthy reached down into the door of the truck and pulled out a gun. He shook the gun at the other driver's car. The other driver left as soon as oncoming traffic permitted and reported the incident to two deputy sheriffs. Later that evening, Langworthy was arrested and charged with aggravated assault.
Langworthy consented to the forfeiture of the gun. However, the Sheriff also brought a forfeiture proceeding against the truck. Langworthy raised the defense of proportionality, but he pled no additional counterclaims or defenses and he did not request attorney fees and costs. A hearing was held in May of 2003. In its final order rendered June 12, 2003, the court ruled that the truck was not an instrumentality of the aggravated assault, which would support an order of forfeiture. It also ruled that forfeiture of the truck was prohibited by the proportionality defense, since the value of the truck was $33,000 and the crime involved a third degree felony, which carried a maximum fine of $10,000. Thus, forfeiture was barred by the Eighth Amendment of the United States Constitution. The court ordered the return of the vehicle to Langworthy.
When Langworthy received the truck, he noticed it had suffered a substantial amount of damage. He photographed it and took it to Ocala Ford for an appraisal. The cost to repair was $755.66. The appraisal showed the truck had a value of $21,450 when it was recovered by Langworthy. The depreciated loss during its detention was $11,550.
On November 25, 2003, Langworthy filed a motion in the forfeiture case, seeking the statutory remedy of damages, costs and attorney fees, pursuant to section 932.704(9)(b) and (10). Those statutes provide.
(9)(b) When the claimant prevails at the conclusion of the forfeiture proceeding, any decision to appeal must be made by the chief administrative official of the seizing agency, or his or her designee. The trial court shall require the seizing agency to pay to the claimant the reasonable loss of value of the seized property when the claimant prevails at trial or on appeal and the seizing agency retained the seized property during the trial or appellate process. The trial court shall also require the seizing agency to pay to the claimant any loss of income directly attributed to the continued seizure of income-producing property during the trial or appellate process. If the claimant prevails on appeal, the seizing agency shall immediately release the seized property to the person entitled to possession of the property as determined by the court, pay any cost as assessed by the court, and may not assess any towing charges, storage fees, administrative costs or maintenance costs against the claimant with respect to the seized property or the forfeiture proceeding.
(10) The court shall award reasonable attorney's fees and costs, up to a limit of $1,000 to the claimant at the close of the adversarial preliminary hearing if the court makes a finding of no probable cause. When the claimant prevails at the close of forfeiture proceedings and any appeal, the court shall award reasonable *419 trial attorney fees and costs to the claimant, if the court finds that the seizing agency has not proceeded at any stage of the proceedings in good faith or that the seizing agency's action which precipitated the forfeiture proceedings was a gross abuse of the agency's discretion. The court may order the seizing agency to pay the awarded attorney's fees and costs from the appropriate contraband forfeiture trust fund. Nothing in this subsection precludes any party from electing to seek attorney's fees and costs under chapter 57 or other applicable law. (emphasis added).
Following a hearing on Langworthy's motion, the court awarded damages, costs and attorney fees, after finding that the Sheriff's pursuit of the truck for forfeiture through trial was unreasonable and constituted bad faith. It ruled in part:
The previous trial on the issue of forfeiture clearly demonstrated that Petitioner [the Sheriff] could not meet the instrumentality or proportionality test necessary to support forfeiture in this cause. The Respondent's [Langworthy's] pleadings placed Petitioner on notice that it would require standards of the eighth amendment to the United States Constitution to be met for forfeiture of the vehicle. That standard was not met, even by preponderance standards. Specifically on point is the fact that the prevailing case law on the facts presented was affirmatively set forth in Respondent's Pre-Trial Memorandum. [In Re: Forfeiture of One 1980 Oldsmobile 98, 471 So.2d 137 (Fla. 5th DCA 1985)] So it was clear on the facts presented that the vehicle could not have been the object of a successful forfeiture action. Nonetheless, in hopes of claiming this fairly unique and valuable vehicle, the Sheriff's Department seized the vehicle and persisted in its claim to the vehicle completely through trial and until the vehicle was ordered returned. It cannot be said that the Petitioner proceeded in good faith and the Court finds Petitioner's continued pursuit of the vehicle through trial was unreasonable and constituted bad faith. (emphasis supplied)
As noted above, the court awarded $11,000 for the truck's depreciation loss and damage to its paint and finish while it was detained by the Sheriff, $4,200 for lost value of its use, $5,000 for attorney fees encompassing all of the proceedings regarding the truck, $800 for three expert witnesses who testified at the hearing regarding the value of the truck and its damage, and $47.50 for the cost of service of process.
Initially, the Sheriff argues that the doctrine of res judicata prevents Langworthy from recovering an award of attorney fees and costs, although it does not seek to attack the part of the final judgment that awarded Langworthy damages. We reject this view.
The forfeiture proceeding is an in rem action against the truck.[2] What is involved in this proceeding is a statutory remedy for damages, costs and attorney fees provided for by the forfeiture statute. § 932.704(9)(b) and (10), Fla. Stat. (2001). In essence, these provisions provide compensation to an individual for the unreasonable seizure of that individual's property by the government. The monetary damages are awardable against the Sheriff, in his official capacity, or against the Sheriff's Forfeiture Fund, as in this case. They are brought as a result of the forfeiture proceeding, like actions in conversion *420 or claims of damages to the res. The provisions are collateral, mandatory, and need not be asserted in a pleading. Rosado v. Bieluch, 827 So.2d 1115, 1117 (Fla. 4th DCA 2002).
Under the statutes quoted above, some elements of the statutory award may not accrue or be ascertainable until after the chief administrative official of the seizing agency makes a decision whether or not to appeal. The seizing agency may retain possession of the seized item through a trial or an appeal, thereby postponing the ability of an owner to determine the amounts to be awarded for loss on account of retention by the sheriff of income-producing property, its depreciation, and/or damage prior to its return to the owner. As in this case, ascertainment that damage occurred to a seized vehicle or other property while being retained by the sheriff, and the extent of damage, may not be ascertainable until after the property is returned, following the conclusion of a trial or an appeal. It would be unfair, if not impossible, to require that the owner allege and prove these elements during the forfeiture trial.
Although a determination that the Sheriff acted in bad faith in pursuing a forfeiture trial, necessary under the statute to support an award of attorney fees and costs,[3] could be made during the forfeiture trial itself, the facts and circumstances supporting that determination may not be known to the owner until mid-trial or afterwards. To require an owner to allege bad faith and request attorney fees pro forma, without a basis to do so, would potentially subject the owner to 57.105 attorney fees for him or herself.
Because many elements of this statutory remedy may not be ascertainable until after the conclusion of a forfeiture trial, or even an appeal, it would be a piecemeal approach to require that some elements of the cause of action be determined at the forfeiture trial, while others would be determined later. For example in this case, the court awarded attorney fees to Langworthy for not only the attorney's participation at the forfeiture trial, but also the later proceeding to determine the extent of damage suffered by the truck while in the Sheriff's possessionas well as expert witness fees to establish that damagefacts which prior to Langworthy's repossession of the truck after the forfeiture trial, were not ascertainable.
The statute sets forth no time limit for a party whose property was wrongfully seized and subjected to forfeiture proceedings to bring this statutory cause of action against the sheriff. In this case, the time was five months. In the absence of a time limit set by the statute, it would appear that the only limit is the statute of limitations.[4]
The Sheriff also argues that Florida Rule of Civil Procedure 1.525 is a bar to Langworthy's award of attorney fees and costs because his motion was filed more than 30 days after the forfeiture judgment was rendered. The Florida Rules of Civil Procedure apply to forfeiture proceedings. See § 932.704(2), Fla. Stat.; Gervais v. City of Melbourne, 890 So.2d 412, 413 (Fla. 5th DCA 2004). However, we have found no case in which this rule has been applied to section 932.704 for damages that encompass attorney fees and costs. The statute also provides that a party may seek attorney fees and costs under chapter 57 or other applicable law. Rule 1.525 would probably apply in those situations.
*421 However, where the award of attorney fees and costs is built into the statutory cause of action that encompasses elements not ascertainable at the time of the forfeiture trial, it would defeat the policy and purpose of the forfeiture statute to safeguard "an individual's right to be free from unreasonable searches and seizures"[5] to restrict attorney fee awards by requiring a party to file a motion for them within 30 days of the trial. As pointed out above, the statutory cause of action encompasses attorney fees for the trial and proof of damages ascertained after the trial.
The Sheriff also contends that, because Langworthy asserted negligence in the storage of his truck by the Sheriff, Langworthy was required to conform to the notice and pleading requirements of Florida's waiver of sovereign immunity statute, section 768.28, Florida Statutes. In this case, Langworthy did not give the notice provided for in section 768.28(6)(b). We agree with Langworthy that when an agency brings a forfeiture action against an individual's property in bad faith[6] or simply retains the property and thereafter is denied forfeiture, the compensatory remedies built into those statutes are collateral to the actions of the Sheriff, and no notice pursuant to section 768.28 is required. Further, this claim was waived because the Sheriff did not raise it until after the final judgment.[7]
AFFIRMED.
PETERSON and MONACO, JJ., concur.
NOTES
[1] See Wentworth v. Johnson, 845 So.2d 296, 299 (Fla. 5th DCA 2003).
[2] See Rosado v. Bieluch, 827 So.2d 1115 (Fla. 4th DCA 2002); Gervais v. City of Melbourne, 890 So.2d 412 (Fla. 5th DCA 2004).
[3] § 932.704(10), Fla. Stat. (2001).
[4] Town of Oakland v. Mercer, 851 So.2d 266 (Fla. 5th DCA 2003) (Orfinger, J., concurring specially), citing United States v. James Daniel Good Real Property, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993).
[5] § 932.704(1), Fla. Stat.
[6] § 932.704(10), Fla. Stat.
[7] See In Re Forfeiture of 1978 Green Datsun Pickup Truck, 475 So.2d 1007 (Fla. 2d DCA 1985).