PER CURIAM.
The issue in this consolidated appeal is whether the trial court erred in awarding appellee attorney’s fees and costs following appellant’s voluntary dismissal of her lawsuit without prejudice. We reverse the fee award, as the voluntary dismissal was not a second voluntary dismissal that would entitle appellee to fees under section 768.79, Florida Statutes. The fees were also not authorized under the Florida Trust Code, as the underlying action involved a claim for breach of contract, not a trust code claim. We affirm the cost award and find that, given the unique facts and circumstances of this case, the trial court did not abuse its discretion in awarding costs that included appellee’s travel expenses.
The decedent passed away in 1988, survived by his son, appellee Francis (“Frank”) Baltzell, and his stepdaughter, appellant Anne Bright. Litigation ensued in which Frank sought to revoke probate of the decedent’s will and to set aside a trust. In 1990, the court approved a settlement agreement dividing the trust assets, among other things.
In 1996, the probate court dismissed the probate case after issuing an order to show cause why it should not be dismissed, as no affirmative action had been taken to discharge and close the file. In 1998, Frank petitioned to re-open the estate to inspect the inventory. While the case was reopened, Anne filed a motion to compel compliance with the settlement agreement, alleging that Frank refused to cooperate and execute the documents necessary to complete the transfer of the trust assets. The trial court denied the motion.
In 2007, Anne brought an action for breach of contract and specific performance, again claiming that Frank refused to execute documents necessary for distributing the trust assets. The trial court set the case for trial but had to reschedule on three occasions, each time due to Anne’s actions shortly before trial was set to commence. First, Anne advised the court that the case had been verbally settled when it had not been. Second, the court granted Anne’s motion for continuance due to alleged medical issues. Third, Anne unsuccessfully sought to disqualify the trial judge after the court denied her motion for continuance.
The day of trial, an attorney appearing on behalf of Anne requested to continue trial. When the court denied the request, counsel announced that Anne was voluntarily dismissing the case. Following the dismissal, Frank filed a motion to tax attorney’s fees under the offer of judgment statute and sections 7S6.1004-.1005 of the Florida Trust Code. The trial court found that Frank was entitled to fees under both statutes and awarded $151,820.35 in attorney’s fees. The court also awarded him $18,940.83 in costs, which included Frank’s travel expenses. From these orders, Anne appeals.
Anne contends that the trial court erred in granting fees under the offer of judgment statute because the notice of voluntary dismissal was without prejudice. Frank maintains the trial court correctly awarded fees because this was a second dismissal, which transformed the case into an adjudication on the merits. He contends that Anne previously sought to enforce the settlement agreement in the voluntarily dismissed probate proceeding.
“[W]hen entitlement to attorney’s fees is based on the interpretation of ... a statute, as a pure matter of law, the appellate court undertakes a de novo review.” *93 Bauer v. DILIB, Inc., 16 So.3d 318, 320 (Fla. 4th DCA 2009) (quoting Hirschenson v. Hirschenson, 996 So.2d 905, 907 (Fla. 4th DCA 2008)).
Section 768.79, Florida’s offer of judgment statute, provides in pertinent part as follows:
(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney’s fees ... incurred from the date the offer was served....
The supreme court interpreted this statutory language in MX Investments, Inc. v. Crawford, 700 So.2d 640, 642 (Fla.1997), as follows:
We construe the terms “voluntary dismissal” and “involuntary dismissal” in section 768.79(6), Florida Statutes (1991), to mean a dismissal with prejudice so that the dismissal is the basis for a judgment of no liability as contemplated in section 768.79(1), Florida Statutes (1991). Thus, only when a plaintiffs voluntarily [sic] dismissal is with prejudice or is a second voluntary dismissal is the defendant entitled to attorney fees in accord with section 768.79, Florida Statutes (1991).
The record reveals that the 1988 probate case was not voluntarily dismissed but rather was administratively closed. Further, Florida Rule of Civil Procedure 1.420(a)(1) provides that “a notice of dismissal operates as an adjudicátion on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.” (emphasis added). Anne was not a plaintiff in the probate proceeding. Rather, it appears she simply opened the probate case as the personal representative. Moreover, it was the court that dismissed the probate action, not Anne. Thus, the dismissal was not a second dismissal as contemplated by the offer of judgment statute, and fees were not authorized under the statute.
The trial court also relied on sections 736.1004-.1005 of the Florida Trust Code as a basis for awarding fees. Frank acknowledges that he did not plead entitlement to fees under the Florida Trust Code in his answer to the complaint. However, we need not address whether a Stockman v. Downs, 573 So.2d 835 (Fla.1991), exception applies, as the fee award was not authorized under the trust code. The underlying proceedings were brought to enforce a contract, not a trust, and did not involve the trust code. Thus, the trust code cannot serve as a basis to support the fee award.
As an additional basis for upholding the trial court’s fee award, Frank argues that the statute of limitations had run, thereby operating as an adjudication on the merits. However, this court has previously considered and rejected this argument. See Tucker v. Ohren, 739 So.2d 684 (Fla. 4th DCA 1999).
Finally, as to the issue of costs, Anne contends that the trial court abused its discretion by including Frank’s travel-related expenses in the cost award. The Uniform Guidelines for Taxation of Costs provide that that they “are advisory only” and that the taxation of costs “is within the broad discretion of the trial court.” In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 614 (Fla. 2005). “[T]he trial court may deviate from [the] guidelines depending on the facts of *94 the case as justice may require.” Madison v. Midland Nat'l Life Ins. Co., 648 So.2d 1226, 1228 (Fla. 4th DCA 1995). A trial court may award “enhanced” costs “[w]hen the trial court expressly finds that the party seeking the voluntary dismissal has acted in bad faith by dismissing the suit.” Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022, 1026 (Fla.1991). Such an award may include “the total sum of actual costs incurred by the opposing party in futile preparation for the specific trial, whether or not these costs would have been recoverable as ‘costs’ following an actual trial.” Id. (footnote omitted). “[A]n enhanced award of this type should be sparingly used only in egregious cases, so as to discourage abuse of the voluntary dismissal process.” Id.; see also Miller v. Hayman, 766 So.2d 1116, 1119 (Fla. 4th DCA 2000) (recognizing that travel expenses of a party to attend trial may be taxable in “rare[ ] situation[s]”).
The trial court made specific findings as to the “unique and extraordinary circumstances involved in this case, including that this was the third time that Plaintiff sought a delay on the eve of trial citing either illness or other last-minute tactics.” The court noted that on each occasion, Frank was required to travel to Florida. The trial court found that Anne “should have and could have filed a request for continuance in a more timely fashion so as to avoid the unnecessary [travel] expenses.” Given this record, we are unable to find that the trial court abused its discretion.

Affirmed in pari, reversed in part, and remanded.

MAY, DAMOORGIAN and LEVINE, JJ., concur.