DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUDY RODRIGO,**
Appellant,

v.

**STATE FARM FLORIDA INSURANCE COMPANY,**
Appellee.

No. 4D13-3393

[June 17, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey D. Gillen, Judge; L.T. Case No. 502008CA019828XXXXMB.

Roy W. Jordan, Jr., of Roy W. Jordan, Jr., P.A., West Palm Beach, for appellant.

Anthony J. Russo, Curt Allen and Jared M. Krukar, of Butler Pappas Weihmuller Katz Craig LLP, Tampa, for appellee.

DAMOORGIAN, C.J.,

Judy Rodrigo ("Appellant") sued her insurer, State Farm Florida Insurance Company ("State Farm"), after it denied coverage for property damage to her condominium. During the pendency of the litigation, State Farm served Appellant with a proposal for settlement which Appellant rejected. The trial court ultimately entered judgment in favor of State Farm in the underlying coverage suit.

State Farm then filed a motion to tax costs and attorney's fees, pursuant to its proposal for settlement. Following an evidentiary hearing, the trial court awarded State Farm $172,340.50 in attorney's fees, $13,839.70 in costs, and $4,240.00 in expert witness fees. Appellant argues that the award was not justified because State Farm's proposal for settlement was ambiguous and did not adhere to Florida Rule of Civil Procedure 1.442. We affirm on this issue without further comment. Appellant further argues that because the trial court failed to make any findings of fact as to the costs award, it erred in awarding State Farm its potentially nontaxable costs. We agree with Appellant on this issue and

remand for further proceedings consistent with this opinion.

In an effort to "reduce[] the overall costs of litigation and [keep] such costs as low as justice will permit," the Florida Supreme Court has adopted the Uniform Guidelines for Taxation of Costs to assist trial courts in fashioning cost awards. *In re Amendments to Unif. Guidelines for Taxation of Costs*, 915 So. 2d 612 (Fla. 2005). The Guidelines, however, are advisory only and trial courts have broad discretion in awarding otherwise nontaxable costs. *Id.* Accordingly, "the trial court may deviate from [the] guidelines depending on the facts of the case as justice may require." *Madison v. Midland Nat'l Life Ins. Co.*, 648 So. 2d 1226, 1228 (Fla. 4th DCA 1995); *see also Bright v. Baltzell*, 65 So. 3d 90, 93−94 (Fla. 4th DCA 2011). However, when doing so, the trial court is required to sufficiently identify what nontaxable costs are being awarded and is further required to make specific findings as to the unique and extraordinary circumstances justifying such an award. *See Bright*, 65 So. 3d at 94.

Here, the trial court awarded State Farm all of its requested costs, including unspecified costs for travel time and expenses, transcripts, expedited delivery services, and copies. These costs may or may not have been taxable, depending on the circumstances. *See generally In re Amendments to Unif. Guidelines for Taxation of Costs*, 915 So. 2d at 612-17. Although the final judgment included the above referenced potentially nontaxable costs, the court failed to make any findings as to whether the specific costs awarded were taxable, and if not, why they were being awarded.

Accordingly, we reverse and remand on this issue and instruct the trial court to enter an order containing the necessary findings. *See Bright*, 65 So. 3d at 94.

*Affirmed in part, reversed and remanded in part.*

TAYLOR and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**