DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SIMONA BUNIN,**
Appellant,

v.

**MATRIXX INITIATIVES, INC.,** a Delaware corporation f/k/a **GUMTECH INTERNATIONAL, INC.,** a foreign corporation, and **ZICAM, LLC,** a limited liability corporation f/k/a **GEL TECH, LLC,** an Arizona limited liability company, and **PUBLIX SUPER MARKETS, INC.,** a Florida corporation,
Appellees.

Nos. 4D14-3579 & 4D15-86

[ June 1, 2016 ]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Patti Englander Henning, Judge; L.T. Case No. 09-056853 (26).

Keith Chasin of the Law Office of Keith Chasin, Miami, for appellant.

Barry L. Davis and Daniel R. Lever of Thornton Davis Fein, Miami, and Alan J. Lazarus and Jaime D. Walter of Drinker Biddle & Reath, LLP, San Francisco, CA, for appellees.

TAYLOR, J.

In this products liability action, the plaintiff alleged she lost her sense of smell, a condition known as anosmia, after she used a Zicam nasal spray. The defendants moved to exclude the opinion of the plaintiff's causation expert, based on the recent change to section 90.702, Florida Statutes (2013), which now requires trial courts to apply the standard of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), in ruling on the admissibility of expert testimony. The trial court granted the defendants' motion and entered summary judgment in favor of the defendants. We affirm the summary judgment, concluding that the trial court did not abuse its discretion in excluding the causation testimony under section 90.702, Florida Statutes (2013). However, we reverse the cost judgment to the extent it awarded attorney travel expenses, and

expert fees that were not for a deposition, trial testimony, or a court-ordered report.

An order on a motion to exclude expert testimony is reviewed for an abuse of discretion. *Booker v. Sumter Cty. Sheriff's Office*, 166 So. 3d 189, 194 n.2 (Fla. 1st DCA 2015). But the issue of whether a statute applies retroactively is a question of law reviewed de novo. *Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 947 (Fla. 2011).

In 2013, the Florida Legislature amended section 90.702 with the intent to adopt the federal *Daubert* standard for the admission of expert testimony. *See* Ch. 2013–107, § 1, Laws of Fla. (2013). On appeal, the plaintiff's primary argument is that the 2013 amendments to section 90.702 are substantive in nature and should not be applied retroactively to her case, which was filed in 2009. We disagree.

It is well-settled that "[p]rocedural or remedial statutes . . . are to be applied retrospectively and are to be applied to pending cases." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1358 (Fla. 1994). A statute that merely "relates to the admission of evidence" is generally considered procedural. *Windom v. State*, 656 So. 2d 432, 439 (Fla. 1995). Accordingly, as the Third District has explained, "section 90.702 of the Florida Evidence Code indisputably applies retrospectively." *Perez v. Bell South Telecomms., Inc.*, 138 So. 3d 492, 498 (Fla. 3rd DCA 2014).[1]

Having carefully reviewed the record, we conclude that the trial court did not abuse its discretion in excluding the plaintiff's expert's causation opinion under *Daubert*, even though the expert's opinion would have been admissible under the "pure opinion" rule of *Marsh v. Valyou*, 977 So. 2d 543, 548–50 (Fla. 2007). Because the plaintiff's case depended upon her expert's excluded causation testimony, the summary judgment in favor of the defendants must stand.

Turning to the plaintiff's appeal of the cost judgment, we reverse the award of costs to the extent it awarded attorney travel expenses and the fees of the defense expert, Dr. Brent. These costs were not costs that "should be" or "may be" taxed under the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, and the trial court failed to make any

---

[1] In deciding that the amendments apply retrospectively, we note that the plaintiff did not raise the argument that the 2013 amendments to section 90.702 violated the separation of powers doctrine by encroaching upon the Florida Supreme Court's authority to adopt procedural rules in Florida courts. See Art. V, § 2(a), Fla. Const.

specific findings in the cost judgment as to the unique and extraordinary circumstances that would justify a deviation from the guidelines. *See Rodrigo v. State Farm Fla. Ins. Co.*, 166 So. 3d 933, 934 (Fla. 4th DCA 2015) (When deviating from the guidelines, the trial court is "required to make specific findings as to the unique and extraordinary circumstances justifying such an award.").

From the face of the cost judgment (including the exhibit incorporated by reference), it is clear that the defendants' counsel's travel expenses should not have been awarded. *See Citizens Prop. Ins. Corp. v. Pulloquinga*, 183 So. 3d 1134, 1138 (Fla. 3d DCA 2015) (holding that the trial court improperly awarded counsel's travel time and travel expenses as costs in contravention to the guidelines). Likewise, under the guidelines, Dr. Brent's time did not qualify as a cost that "should be taxed," because his fees were not for a deposition, trial testimony, or a court-ordered report. Nor did his fees fall under the category of costs that "may be taxed" under the guidelines. Therefore, we reverse the award of costs for attorney travel expenses and for Dr. Brent's fees, and remand for the trial court to eliminate those expenses from the cost judgment.

*Affirmed in case no. 4D14-3579; Reversed and Remanded in case no. 4D15-86.*

CIKLIN, C.J., and MAY, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

3