DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ASHI MENDELSON,**
Appellant,

v.

**HARRIS S. HOWARD, DANA ALTMAN,** and **ADMIRAL'S COVE TOWNHOMES AT HARBOR ISLANDS ASSOCIATION, INC.,**
Appellees.

No. 4D21-1552

[October 26, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE17019106.

Michael S. Kaufman, Miami, for appellant.

Michael J. Dono and Jason B. Bloom of Hamilton, Miller & Birthisel, LLP, Miami, for appellees Dana Altman and Admiral's Cove Townhomes at Harbor Island Association, Inc.

ARTAU, J.

This appeal concerns an award of attorney's fees and costs to Admiral's Cove Townhomes at Harbor Islands Association, Inc., and its property manager, Dana Altman (defendants), pursuant to section 57.105, Florida Statutes (2020), following the voluntary dismissal of the action filed against them by Ashi Mendelson (plaintiff). While we affirm the trial court's determination that defendants are entitled to an award of fees and costs pursuant to the statute, we reverse the trial court's determination as to the amount of fees and costs awarded because the trial court erred in disqualifying plaintiff's proffered expert witness on the question of the reasonableness of the amounts requested.

At the evidentiary hearing to determine the amounts to be awarded, plaintiff attempted to present testimony from an experienced Florida attorney. Although the attorney had never previously testified as an expert, he was experienced in attorney billing, had previously litigated fee disputes, and was a practicing attorney familiar with the reasonable

amounts customarily awarded for similar litigation matters pursuant to the factors set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).

The trial court excluded plaintiff's proffered attorney expert from testifying, stating only: "Well, I don't think he meets the criteria to be qualified as an expert, I'm sorry." The trial court then awarded the attorney's fees and costs now in dispute based solely on the testimony presented by defendants' attorney expert.

A trial court's determination "to exclude expert testimony is reviewed for an abuse of discretion." *Bunin v. Matrixx Initiatives, Inc.*, 197 So. 3d 1109, 1110 (Fla. 4th DCA 2016). While a trial court has "discretion to determine a witness's qualifications to express an opinion as an expert," a trial court's exclusion of an expert's opinion will only be upheld "absent a clear showing of error." *Brooks v. State*, 762 So. 2d 879, 892 (Fla. 2000).

A witness is qualified to provide expert testimony if he or she possesses specialized "knowledge, skill, experience, training, or education" so long as "(1) [t]he testimony is based upon sufficient facts or data; (2) [t]he testimony is the product of reliable principles and methods; and (3) [t]he witness has applied the principles and methods reliably to the facts of the case." § 90.702, Fla. Stat. (2020) (incorporating the standard for admission of expert testimony found in Federal Rule of Evidence 702 as adopted by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)); *see also In Re: Amends. to the Fla. Evidence Code*, 278 So. 3d 551, 554 (Fla. 2019) (adopting the Legislature's *Daubert* amendments to the Florida Evidence Code).

Neither section 90.702 nor our case law require that an attorney have previously testified as an expert on the reasonableness of the amount of attorney's fees and costs to be qualified as an expert. Instead, what is required for the testimony to be admissible is for the trial court "to assess whether the expert's 'reasoning or methodology properly can be applied to the facts in issue.'" *Philip Morris USA, Inc. v. Naugle*, 337 So. 3d 13, 18 (Fla. 4th DCA 2022) (quoting *Kemp v. State*, 280 So. 3d 81, 88-89 (Fla. 4th DCA 2019)).

The trial court clearly erred by excluding the plaintiff's proffered expert testimony based on reasons that should only have been considered in determining the testimony's weight, not its admissibility. *See Bell v. State*, 179 So. 3d 349, 357 (Fla. 5th DCA 2015) (cautioning that "the evidence code 'does not mandate that an expert be highly qualified in order to testify about a given issue' because '[d]ifferences in expertise bear chiefly on the

weight to be assigned to the testimony . . . not its admissibility.'" (alteration in original) (quoting *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009))).

We therefore reverse the amount of fees and costs awarded in the judgment. We direct the trial court on remand to conduct a new hearing on the reasonableness of the fees and costs to be awarded consistent with this opinion.

*Affirmed in part, reversed in part, and remanded with instructions.*

GERBER and LEVINE, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***